NORMAN ET AL. v. LITTLE ET AL.

---

(July 1, 1930. Opinion and Decree.)
(July 23, 1930. Rehearing Refused.)
(October 8, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

---

Wm. H. Talbot, Monroe & Lemann, and Nicholas Callan, of New Orleans, attorneys for plaintiffs, appellees.

Eraste, Vidrine, Beard & O'Keefe, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. This is a suit by Mr. and Mrs. Ernest B. Norman on their own account and on behalf of their two minor children for the recovery of damages due to physical injuries and property loss resulting from a collision between their Lincoln sedan, which, at the time, was being driven by Mr. Norman, and a LaSalle roadster belonging to the defendant, Charles Little, and driven by his sister and co-defendant, Mrs. Leary. Mrs. Leary was never cited, and the case proceeded against Little alone. He answered, admitting the ownership of the LaSalle automobile, but denying the authority of Mrs. Leary to use it, and averring that, at the time of the accident, she had taken his car without his consent and was using it for purposes of her own and unconnected with his business. There was judgment below in favor of plaintiffs awarding Mrs. Norman $1,000, and Mr. Norman individually $2,106, and for the use and benefit of his minor child J. Robert Norman $100, and for the use and benefit of his minor child Margaret Helen Norman $100, a total of $2,306. Defendant has appealed, and plaintiffs, in this court, have answered the appeal seeking to have the amount of the award increased.

On the question of negligence we, like the learned trial judge, find no difficulty in reaching the conclusion that the driver of defendant's car was responsible for the accident. On this point we quote the following from the reasons for judgment which appear in the record:

"The case on the question of negligence is clearly with the plaintiff. All the evidence is to the effect that plaintiff's car had come to the intersection of Carondelet and Philip Streets, had occupied it, when defendant's car collided with it, while the defendant's car was approaching Carondelet Street from the lake side—that is to say, approaching plaintiff's car on the left side of plaintiff's car. In that situation, the plaintiff's car had the right of way, and besides that, the plaintiff's car was already in that intersection. The testimony of the witnesses on this point is corroborated by the physical facts, which show that the plaintiff's car was struck somewhat in the rear of the center, head on, by the defendant's car. In this situation, it seems to be perfectly obvious that the fault was with the driver of the defendant's car."

As a matter of fact the question of the negligent operation of defendant's car is not seriously disputed, the main reliance of defendant being upon the legal proposition advanced in regard to the agency of the driver of his car.

The defendant having admitted the ownership of the offending automobile, the presumption is that Mrs. Leary was his agent and that she was acting within the scope of her agency. See the case of Union Indemnity Co. v. Henry C. Faust, No. 9440 of our docket, decided March 10, 1924, unreported (see Louisiana and South-

ern Digest), where it was held that the driver of a truck which bore the name under which the defendant did business was presumed to be an employee of defendant and presumed to be acting within the scope of his employment. Of course the presumption may be overcome by evidence to the contrary, and we now turn to a consideration of pertinent facts in the record to determine their probative force, as possibly overcoming this presumption.

Mrs. Leary, a native of Niagara Falls, N. Y., was visiting her brother, the defendant, Charles Little, at his residence No. 1640 South Carrollton avenue, this city, and, on the morning of the accident, had accompanied him to his office at No. 1301 Carondelet street, where he conducted the Star Employment Bureau, the brother and sister reaching the office about 7:30 a. m. Mr. Little's business was an employment agency which obtained servants for householders and jobs for servants for a consideration, and, at the time of the collision, there was in his car with his sister a young negro man, presumably procured by him for and being delivered by his sister to some customer of his agency. At least there is no doubt of the fact that the negro was present in the car, and, as pointed out by the trial court, it is unlikely that Mrs. Leary, who was a white woman, would have had him along for companionship. The negro fled following the arrival of the police on the scene, and was not produced as a witness during the trial of the case, so we can only determine the purpose of his being in the car with Mrs. Leary by the probabilities of the situation, which point very clearly to the conclusion that he was in the car for some purpose in connection with the operation of defendant's business. Mrs. Leary did not testify either. As a matter of fact, she was not cited and could not be found, notwithstanding the unusual efforts of plaintiff's counsel, who employed detectives for the purpose of locating her. Her failure to appear and the absence from the record of any testimony by her taken by commission is a most damaging circumstance affecting defendant's case. Defendant is shown to have had knowledge of his sister's whereabouts; she was visiting him at the time of the accident; she left the city with him and removed to Bastrop, La., after the accident, and we can conceive of no reason why her testimony should not be in the record, unless it be upon the ground that its effect would have been adverse to defendant, a conclusion inevitable under the circumstances. United Motor Car Co. v. Finin, 12 La. App. 160, 125 So. 158; Geddes & Moss Undertaking & Embalming Co. v. Simkins, 4 La. App. 125; Succession of Rageur, 155 La. 97, 98 So. 853. The only· evidence in the record which in the least supports defendant's contention on the question of agency is the admission of counsel that if Miss Sibyl Barron, defendant's stenographer, were present, she would testify that the defendant came out of his private office after his sister had left with the car and inquired for it and was told by Miss Barron that Mrs. Leary had taken it. This statement is relied upon for the purpose of establishing the fact that defendant knew nothing of the use of his automobile by his sister, but, in view of the other evidence to which we have referred, it can

have little or no effect. The judgment finding the defendant liable is, we believe, amply supported by the record.

On the question of quantum the principal complaint of inadequacy relates to the award of $1,000 to Mrs. Norman. According to Dr. Landry, who treated Mrs. Norman, she suffered "a fracture of the left clavicle, or collar-bone, with marked contusions, bruising of the left chest, left arm, left leg just below the knee, and both hips. There was marked ecchymosis, which is blue and black marks, a sign of hemorrhage under the skin and swelling, loss of motion, nervousness." She was under treatment by Dr. Landry from the day of the accident, June 23, to the end of October, when she still complained of pain and did not have the free use of her arm. She suffered considerably after the union of the fracture in her collar bone, with an injury to the nerves, "traumatic neurosis." The extent of Mrs. Norman's injuries, it seems to us, were such as to justify a larger award than was made in Quintell v. Ferran, 147 La. 153, 84 So. 570, where a judgment of $1,000 for a broken collar bone was affirmed, because, in that case, the fracture appeared to be unaccompanied with the painful consequences which obtained in this instance. Our conclusion is that the award of a thousand dollars is inadequate and should be increased to $1,500.

For the reasons assigned the judgment appealed from is amended so as to increase the amount awarded Mrs. Ernest B. Norman from $1,000 to $1,500, and, as thus amended, affirmed.

JANVIER, J., recused.