## TRUXILLO v. DE LERNO.
### No. 14416.

Court of Appeal of Louisiana. Orleans.
Feb. 13, 1933.

Jewel A. Sperling, of New Orleans, for appellant.

Jno. T. Charbonnet, of New Orleans, for appellee.

HIGGINS, Judge.

The plaintiff brought this action to recover the sum of $122.50, covering damages to his Chrysler coupé automobile said to have resulted from a collision with the defendant's Buick sedan on February 6, 1932, about 1:15 p. m., at the intersection of Carondelet and Calliope streets.

The charges of negligence against the driver of the defendant's car are that he was driving at an excessive rate of speed of about 50 miles an hour, without keeping a proper lookout, striking the plaintiff's car after it had nearly completed the intersection, and that he had the last clear chance of avoiding the accident, but failed to do so.

The defendant admitted that there was a collision between the cars, but denied that the driver of his car was in any way at fault and averred that after the Buick had traversed approximately one-half of the intersection it was struck on the left rear door and fender by the plaintiff's car, which was being driven at a fast rate of speed; that the driver of Chrysler coupé was not keeping a proper lookout and failed to come to a full stop before entering the intersection, or sound his horn, as required by the provisions of the traffic ordinance. Defendant also specially pleaded contributory negligence and in reconvention prayed for judgment in the sum of $58, representing the cost of repairing the Buick car.

There was judgment dismissing both the main and reconventional demands and the plaintiff alone has appealed. The defendant and plaintiff in reconvention has not answered the appeal.

When the case was called for trial on its merits in the trial court, the attorney for defendant objected to the introduction of any evidence by the plaintiff for the purpose of showing that the driver of the Buick automobile was defendant's agent, or employee, at the time he was driving the defendant's car, because petitioner did not affirmatively make that allegation. The court at first excluded the evidence and counsel for plaintiff reserved a bill of exception thereto. Subsequently the trial court admitted the evidence over the defendant's objection.

Article 4 of the petition reads as follows: "Your petitioner further avers that the defendant's Buick Sedan was driven by defendant's nephew by the name of Perfumo, whose full name is unknown at this time, to your petitioner."

Article 5 of the plaintiff's petition alleges: "The damage hereinabove set forth, * * * was caused solely and exclusively through the defendant's driver, who in his extreme haste to perhaps meet an appointment; ignored all traffic rules and regulations, carelessly and negligently running into your petitioner's car, causing the following itemized damage."

Counsel for defendant contends in this court, as he did before the trial judge, that under article 4 of the plaintiff's petition the plaintiff was not entitled to introduce evidence tending to show the relation of employer and employee between the defendant and the driver of the Buick car, citing Bardt v. Champon, 6 La. App. 763; Rapier v. J. J. Troxclair & Sons, 1 La. App. 763; Blake v. Jefferson-St. Charles Transfer, 8 La. App. 310; McDade v. Fulbright, 8 La. App. 529; Davis v. Shaw (La. App.) 142 So. 301.

Plaintiff's attorney argues that the allegations of the petition are sufficient for the purpose of introducing evidence upon the controverted point.

We note that counsel for defendant fails to make any reference to the allegation in article 5 of the petition above quoted and bases his argument exclusively upon the allegations of article 4 of the petition. While the allegation as to agency in article 5 of the petition is not as definite and specific as it could have been made by stating that the driver of the defendant's car was the chauffeur, employee, or agent of the defendant, nevertheless, we believe that it was sufficient to admit the introduction of evidence tending to establish the relation of respondeat superior. The language "the defendant's driver," in our opinion would be synonymous with the expression "defendant's chauffeur," or "defendant's employee," or "defendant's agent." The final ruling of the trial court in admitting evidence tending to establish the relationship of employer and employee between defendant and the driver of the Buick car was, therefore, proper. Norman et al. v. Little et al., 14 La. App. 298, 129 So. 459; Doullut v. McManus, 37 La. Ann. 800.

Defendant's nephew, who was driving the Buick sedan, admitted that the defendant had called him on the telephone and instructed him to bring the car down town for

the purpose of bringing the defendant home. The driver of the Buick was, therefore, defendant's agent.

 The record shows that Carondelet street is a one-way paved thoroughfare running from uptown downtown, with double street car tracks upon it. Calliope street is also paved and crosses Carondelet street at right angles. The plaintiff's Chrysler coupé was being driven by John J. Schwab on Calliope street in the direction of the river. As he reached the intersection of Carondelet street he stopped and permitted several automobiles on Carondelet street to pass. The Chrysler car then started across the intersection in low gear at a rate of speed estimated to be between 4 and 8 miles an hour, and, as it had nearly crossed the second car track, it was struck by the defendant's Buick sedan, which was being driven by defendant's nephew on Carondelet street, going down town. The driver of the Chrysler car, in attempting to avoid the accident, turned to his left, and the operator of the Buick car attempted to swerve to his right in order to go out Calliope street in the direction of the river. The left rear side of the Buick car struck the right front side of the Chrysler car, causing it to be driven into a post on the downtown river sidewalk of the intersection and the Buick car came to rest against another telephone post on the same sidewalk, about 10 feet further out Calliope street towards the river.

Plaintiff produced five eyewitnesses, including the driver of his car, the others being disinterested persons standing on the sidewalk at the intersection, who all testified that the Buick car was coming at an excessive and terrific rate of speed, estimated between 45 and 60 miles an hour, and that the Chrysler car had stopped and was proceeding across the intersection in first gear at a speed of between 4 and 8 miles an hour; that as the Chrysler car started across the intersection the Buick automobile was a distance estimated from a half to one block away from the intersection, and that the Chrysler car had practically crossed the car tracks located on the river side of Carondelet street when the Buick collided with it, after skidding about 75 feet with its brakes applied.

The version of the driver of defendant's car is that he was going down Carondelet street at a speed estimated between 25 and 30 miles an hour and that, when he was about 75 feet from Calliope street, he slackened his speed and sounded his horn, and, receiving no response, accelerated his car again; that when he was about 15 feet from Calliope street plaintiff's car, suddenly and without any warning and running at an excessive rate of speed, attempted to cross in front of his car and thereby caused the collision. The defendant and another witness testified that the driver of plaintiff's car admitted the day after the accident that he was at fault because he did not see the defendant's car approaching. The driver of the plaintiff's car denied making this statement.

After carefully studying the record, we believe that the conclusion is inescapable that the proximate cause of the accident was the excessive speed of the defendant's car established by the testimony of the disinterested eyewitnesses. Bethancourt v. Bayhi (La. App.) 141 So. 111; Cloverland Dairy Prod. Co. v. Leach, 16 La. App. 659, 134 So. 433; Dyer v. Warwick, 19 La. App. 354, 140 So. 254; Fossier v. D. H. Holmes Co., 19 La. App. 434, 139 So. 709.

We are further of the opinion that the driver of the plaintiff's car was in no way at fault, but even if it be said that he was careless, the record also clearly shows, from the testimony of the disinterested witnesses, that the driver of the defendant's car could have passed to the rear of the Chrysler car and thereby have avoided the accident. Consequently the defendant would also be liable under the doctrine of the last clear chance.

On the question of quantum the plaintiff proved that the cost of repairing the damages to the Chrysler automobile amounted to $122.50 and that the itemized charges for all these repairs were reasonable and fair.

For the reasons assigned the judgment appealed from, in so far as it runs in favor of the defendant, Dominic De Lerno, is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Sidney J. Truxillo, plaintiff, and against the defendant, Dominic De Lerno, in the full sum of $122.50, with legal interest thereon from judicial demand until paid, defendant to pay the costs of both courts.