### LOVOI v. R. F. MESTAYER LUMBER CO. Inc., et al.*

### No. 16780.

Court of Appeal of Louisiana. Orleans.

Jan. 10, 1939.

Alwyn J. Justrabo, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for R. F. Mestayer Lumber Co. and Standard Surety & Casualty Co. of New York.

Gordon Boswell, of New Orleans, for Standard Ins. Co.

John May, of New Orleans, for Travelers Ins. Co.

JANVIER, Judge.

On the 9th day of January, 1937, at about 2 o'clock in the afternoon, Frank R. Lovoi, while standing on the street, was struck and injured by a motor-truck at the corner of Lafitte and North Liberty Streets. Alleging that he himself was not in any way at fault; that the driver of the said truck was negligent; that the vehicle was the property of R. F. Mestayer Lumber Company, Inc., and that it was, at the time, being operated by an employe within the scope of his employment, Lovoi prayed for judgment against the said lumber company in the sum of $1,286.62, representing the loss sustained by him because of his injuries, loss of time, damage to clothing, medical expenses, et cetera.

Defendant company averred that it had no knowledge whatever of the accident. It denied that the truck in question belonged to it, or that it was operated in its behalf, and, in the alternative, it asserted that, if the vehicle was in fact its property, or was operated by one of its employes, the said employe was not, at the time, acting within the scope of his employment. It also alleged that, in any event, the accident was due to the contributory negligence

*Rehearing denied 186 So. 101.

of plaintiff himself in "standing either in the street, which was dangerous, or partly in the street and close to an automobile or truck, so that he could not be visible to a driver approaching".

Defendant, although denying that any of its automobile trucks, or any truck operated on its behalf, had been involved in the accident, admitted its ownership of two trucks and its operation of a third one and averred that, on each of the said trucks, it had secured a policy of liability insurance, each policy being issued by a different company, and it called in warranty each of the said insurance companies. The three companies appeared in answer to the call in warranty, each admitting the issuance of a policy on one of the trucks and each denying any liability in the premises for the reason set forth in the answer filed by the principal defendant.

In the court below there was judgment dismissing plaintiff's suit, the district court having reached the conclusion that the injuries were not in any way serious and that the evidence did not establish with sufficient certainty that the truck which struck plaintiff was the property of the principal defendant, or was operated in its behalf.

It appears from the record that Lovoi and three other young men were officiating in an annual athletic event known as the "Jackson Day Run" and had been sent to take their stations at the corner of North Liberty and Lafitte Streets at a point alongside the route of the said "run". Each of them had been furnished with a red flag and each was holding such flag in his hand at the time and most of them also wore badges designating them as officials of the athletic event. Liberty Street at that corner is 75 feet wide and Lafitte Street has a width of 40 feet.

The automobile in which the young men had reached the corner was parked on Lafitte Street, adjacent to the curb, and they were standing alongside the automobile and very close to it. The truck which struck Lovoi had proceeded up North Liberty Street at a high rate of speed and its driver, at the corner, had turned it sharply to the right into Lafitte Street and very close to the automobile alongside which the young men were standing. Lovoi, in an effort to shield the other young men, pushed them towards the curb of the street out of the path of the oncoming truck, but could not himself step aside and was struck by the rear of the truck as it swerved around so close alongside the parked car that there was no space between the two. The driver of the truck looked around, apparently realizing that he had injured Lovoi, but sped away along Lafitte Street toward the point at which the yard of the lumber company was situated, about two squares away.

Since there is no evidence whatever to contradict the testimony of plaintiff's witnesses as to the facts of the occurrence, we accept as true the versions given by those witnesses and conclude that the driver of the truck, whoever he may have been, was at fault. The street was very wide—as we have said, about 40 feet—and he could easily have avoided the young man had he exercised the slightest precaution. He was, obviously, paying no attention as he cut sharply to his right around the corner.

Nor do we believe that the young man, Lovoi himself, was at fault. He had no reason whatever to expect that a negligent driver would cut around the corner sharply to the right and so close to the parked car as to leave him no room. And we see no reason, under the circumstances, to hold that he was negligent in being in the street. There was no danger to him under such circumstances except from a most careless driver.

The only real controversy results from plaintiff's difficulty in identifying the truck as one owned by, or operated on behalf of, the said lumber company. Plaintiff concedes that two of the trucks may be completely eliminated from consideration and that there can be no recovery unless the evidence sufficiently identifies as the offending vehicle a blue Ford truck, on which Standard Surety & Casualty Company of New York had issued a policy of liability insurance. We will, therefore, limit consideration of the evidence and our discussion thereof to that concerning that truck.

One of the trucks, it is conceded, was a blue Ford, and the driver to whom it had been assigned was a colored employe bearing the name Emile Alfred. For such slight probative value as it may have, we mention, in passing, that it was shown positively that the driver of the truck which struck Lovoi was a negro. The four witnesses who testified on behalf of Lovoi were himself and the three young men who were with him. Two of these—Lovoi and

Esquivel—stated that they could read the name "Mestayer Lumber Company" on the truck just after it passed. Esquivel said: "It was a blue truck. The front was blue, and on the back it was an open truck, like, on the back, and it had gray sides on it, and on the top of the cab they had some silver letters that spelled 'Mestayer Lumber Company'."

Lovoi said: "I said, 'Well, never mind the license plate. There is the name, plain as daylight, Mestayer Lumber Company'. So Bob Russell said he thought the name was pronounced different. He pronounced it 'Metayer'. I said, 'Well, regardless, Metayer or Mestayer, it is still spelled the same. And I noticed the truck had a blue cab."

Sherrouse, another of the boys, said that he could see a name on the truck but that he "didn't quite get it". The fourth young man stated that he did not notice the name on the truck.

Thus, all of the witnesses said that the truck in question was dark blue and, though some of them did not know the "make" of it, one of them, Sherrouse, identified it positively as a Ford, and, as we have already noted, it is conceded that the blue truck of the lumber company was a Ford.

Counsel for defendant ridicule the idea that so young a boy could identify by the maker's name a truck which passed so quickly. We see nothing remarkable about this. The boy in question is the son of a man who had been in the automobile business for a long time and he stated that he was interested in the different "makes" of automobiles and trucks. It is very easy—particularly for a youth interested in such things—to identify the different "makes" of automobiles and trucks as they go by.

The witnesses also agree that the truck in question was equipped with what is known as a "stake body", which was the type used by defendant. Furthermore, there seems to be no doubt that the truck, after striking Lovoi, not only proceeded along the street towards the yard of the lumber company in question, but turned to the right, either into the yard or around the corner in front of it.

There is some disagreement as to the time at which the blue Ford truck returned to the yard—either after the driver had been to lunch or after the accident had occurred. But we attach no significance to this, as we believe that there is no doubt at all that the truck of the lumber company was the truck which caused the damage. Even according to the testimony of defendant's witnesses the truck in question would have passed within one square of the scene of the accident within about an hour of the time at which the accident is said to have occurred.

Having reached the conclusion that the truck in question was a truck of the lumber company, we must next consider whether it was being operated at the time by an employe within the scope of his employment.

Since we believe that it was a truck of the lumber company and that it was being driven at the time by the colored employe to whom it had been assigned, the burden is upon that company to show that the employe, at the time, was not acting within the scope of his employment, and, though it has introduced evidence which tends to confuse the issue to some extent, it has signally failed to offer convincing proof that the driver was not, at the time, returning to the lumber yard either from his lunch, or from some other delivery made in the interest of the lumber company.

Fortunately, the injuries sustained were not serious, consisting in brush burns and contusions. Dr. Gallo, who treated Lovoi, stated that he required him to remain in bed seven days and to remain away from work for about two weeks. The doctor's bill was $26. The drug bills are shown to have amounted to $5.62. The young man was employed at $15 a week and he lost two weeks' wages. We believe that an award of $150 for his injuries should be sufficient. This, added to his actual expenses and losses, makes a total of $211.62, which he should be permitted to recover.

It is therefore ordered, adjudged and decreed, that the judgment appealed from, insofar as it runs in favor of R. F. Mestayer Lumber Co., Inc., be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, Frank R. Lovoi, and against R. F. Mestayer Lumber Co., Inc., in the full sum of $211.62, with legal interest from judicial demand and for all costs; and that there be further judgment in favor of R. F. Mestayer

Lumber Co., Inc., and against Standard Surety & Casualty Company of New York in a like amount.

It is further ordered, adjudged and decreed, that the judgment appealed from, in all other respects, be and it is affirmed.