Plaintiff appealed from judgment sustaining an exception of no cause of action and dismissing his suit. He sued to recover damages for physical injuries to himself and for the value of his coupe automobile destroyed in a collision between it and defendant's stationary truck on the highway.
The allegations of the petition disclose that he lived in Pineville, Louisiana, and was en route to Camp Claiborne, some fifteen miles distant, where he was employed as a carpenter. He was driving and was accompanied by two colored workmen. The accident occurred at about the hour of eight o'clock A.M., January 8, 1943, on the concrete highway leading from the City of Alexandria to the camp, the appropriate route for petitioner to travel to his work.
Plaintiff alleges that "it was dark, rainy, misty and foggy and visibility was poor"; that his car was in perfect mechanical order, its lights burning, and the windshield wiper functioning. He further alleges:
"That your petitioner was driving at a careful and prudent rate of speed; * * and as your petitioner and the other occupants were keeping a proper lookout for vehicles which might be on said highway, (he) was suddenly and unexpectedly confronted with a large truck parked over the middle of the highway on the paved portion, belonging to the defendant, Akin Truck Line; that this truck belonging to the said defendant was parked entirely on the paved portion; that the truck of the said defendant had no lights on whatsoever, no tail light and no flares set out; that the truck of the said defendant had no clearance lights on, nor any flags on the highway."
"* * * that your petitioner could not see the truck parked on the highway until he was right upon the truck, and it was too late then to stop; * * * that he and the other occupants of the car were in no wise guilty of contributory negligence; * * * and your petitioner's car collided with the rear end of the parked truck belonging to the defendant, and as a result of which your petitioner's automobile was demolished * * *." *Page 367 
He further alleges that the truck was not out of mechanical order and was without just excuse for being parked on the paved portion of the highway.
He alleges the conclusion that it was negligence on the part of defendant's servant, in charge of the truck, to have been guilty of the various omissions of duty enumerated in the quoted portions of the petition. He concludes his allegations by averring that had the truck's lights been on and the flares set out he would have seen same in time to have averted the collision.
It is argued in support of the exception that inasmuch as the petition discloses that plaintiff ran into the truck with such force as to demolish his own car, it is self evident that his rate of speed was so great that the car could not be stopped within the distance illumined by its headlights or else he was not keeping a proper lookout, and, therefore, was guilty of contributory negligence of the character to bar recovery. The court sustained this position although in written reasons for judgment there is strong intimation a different conclusion would have been reached but for the long line of decisions, especially those of recent years, establishing the well settled principle relied upon by exceptors. The following cases, among the many sustaining this principle, are cited: Arbo v. Schulze et al., La.App., 173 So. 560; Sizemore v. Yazoo M.V.R. Co., La.App., 164 So. 648; Flotte v. Thomas Egan's Sons, Inc., 18 La.App. 116, 134 So. 428, 137 So. 220; Gibbs v. Illinois Central R. Co.,169 La. 450, 125 So. 445; Vappie v. Morgan's Louisiana T.R. S.S. Co. et al., 155 La. 183, 99 So. 31; Chargois v. Morgan's Louisiana T.R. S.S. Co., 148 La. 637, 87 So. 499; Louisiana Power Light Co. v. Saia et al., 188 La. 358, 177 So. 238; Lapeze v. O'Keefe et al., La.App., 158 So. 36; Hutchinson v. T.L. James Co., Inc., La.App., 160 So. 447.
The following cases also involved and upheld the principle, viz.: Sexton v. Stiles, 15 La.App. 148, 130 So. 821; Barber v. El Dorado Lumber Company, Inc., La.App., 139 So. 29; Cloverland Dairy Products Company v. Leach et al., 16 La.App. 659, 134 So. 433; Locke v. Shreveport Laundries, Inc., 18 La.App. 169, 137 So. 645; Fuld v. Maryland Casualty Company, La.App., 178 So. 201; Rector v. Allied Van Lines, Inc., et al., La.App., 198 So. 516.
Appellant argues that the rule upon which the court based its opinion is not without exceptions and that the facts of the present case constitute it an exception thereto. He cites and largely relies upon: Woodley Collins v. Schusters' Wholesale Produce Company, Inc., 170 La. 527, 128 So. 469; Gaiennie v. Cooperative Produce Company, Inc., et al., 196 La. 417,199 So. 377; Louisiana Power Light Co. v. Saia et al., 188 La. 358,177 So. 238; Warnick et al. v. Louisiana Highway Commission, La.App.,4 So.2d 607.
In the Saia case the court held that the plaintiff's petition disclosed contributory negligence on his part in running into a truck and trailer parked at night on the highway when the only excuse advanced for doing so was that the night was "quite dark".
In the Gaiennie case it was held that due to exceptional conditions prevailing at the time and locale of the collision, plaintiff was not guilty of any negligence when he ran his car into a stationary truck on the highway. The facts were that plaintiff, while traveling on a concrete highway at a speed not in excess of forty miles per hour, met a string of cars with dazzling lights. He reduced his speed to twenty miles per hour and put on the dimmer, as the law requires, and when he had passed the last of said cars, there loomed before him, only a few feet away, the parked truck. The bed of the truck was three or four feet above the ground and the headlights, when dimmed, cast their beam below it.
The facts of the Warnick case are similar to those of the Gaiennie case. The plaintiff traveling at forty miles per hour, put on the dimmer when meeting another car with bright lights at the top of an incline in the highway and collided with the rear end of a truck parked or moving very slowly, with no lights, just over the incline. The truck's bed was so high that the car's headlights shone beneath it. The truck's color was very dull and blended with the pavement, which made it quite difficult to see at night.
In the Woodley Collins case, it was held: "Failure of motorist, blinded by headlights, to reduce speed of 30 miles an hour held proximate cause of collision with parked truck (Act No. 232 of 1926, § 5)."
In all of these cases the court emphasized the oft made statement that no hard and fast rule could be laid down to govern cases *Page 368 
of the kind; that each case must be determined solely from its own peculiar facts.
In the present case the only excuse offered by plaintiff for not seeing the truck in time to avert colliding with it is that the night was dark; it was raining, misty and foggy and because of these atmospheric conditions visibility was poor. He does not allege that he applied the brakes or veered his car after discovering the presence of the truck, in an effort to avert the collision.
The Highway Regulatory Act (No. 286 of 1938, § 3, Rule 15 (a) expressly requires of the operator of a truck left parked upon the highway at night for any reason, that he see to it that its lights be on, and flares, fore and aft, be set out in order to apprise the traffic of the vehicle's presence. It certainly is negligence to not observe these requirements when it is possible to do so. The same Act (Rule 4 (a) also makes it the duty of a motorist to drive at all times carefully and at a reasonable rate of speed, taking into consideration all prevailing conditions and circumstances, including traffic and the road's physical condition. The Act declares that if he fails to observe these rules he is deemed prima facie to be at fault in any accident proximately flowing therefrom.
It has been repeatedly held that when visibility is materially impaired because of smoke, mist, dust, etc., a motorist should reduce his rate of speed to such extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision; and as an extreme measure of safety, it is his duty, when visibility ahead is not possible or greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. Locke v. Shreveport Laundries, Inc., supra.
Because the night was dark does not excuse plaintiff for running into the truck; and we do not think that because visibility was poor on account of the named atmospheric conditions, he should be absolved from fault as a cause of the accident. The function of bright lights on an automobile is to illumine the surface of the highway ahead so that the presence of dangers to traffic may be revealed in time to avert an accident. It is the driver's duty at all times, especially under conditions as alleged by plaintiff, to be on the alert; to steadily watch road conditions ahead of him, as they are revealed foot by foot, and to keep his car under such control and maintain such speed as is commensurate with conditions and circumstances. The greater the known hazards the greater should be the degree of care exercised.
For a motorist at night to encounter weather conditions of the sort described by plaintiff is not uncommon; such an experience is not exceptional.
In each of the cases wherein the driver of the moving vehicle, which ran into a stationary one, was absolved from negligence as a contributing cause of the collision, the conditions that superinduced the accident were unusual, exceptional. They were not to any extent the result of the moving motorist's failure to reasonably perform every duty imposed by law. This is not true of the case before us. Plaintiff, it may reasonably be inferred, was in a hurry to reach the camp where he was employed. His companions were likewise situated. He was either driving too fast under prevailing weather conditions, or was not maintaining proper lookout. The facts that his car was demolished, and he was seriously injured, indicate clearly that the impact was heavy. The law of cause and effect finds application: Rapid speed resulted in demolished car.
The negligence of the truck's operator is unquestioned; that of the plaintiff is fairly clear. Both were guilty of infracting traffic rules designed for their own safety as well as the safety of the public. Had either not failed to observe the law, it is unlikely there would have been an accident. However, as said in the Rector case, supra, plaintiff's negligence was active while that of defendant's agent was passive.
For the reasons herein given, the judgment appealed from is affirmed with costs. *Page 486