Miss Eva Morales, a feme sole, brought this suit against Samuel Burns, whom she alleges to be the owner and operator of Morrison's Cab Service and Shepherd Cab Owners' Association, said to be his insurance carrier, for the sum of $475 the amount of damages claimed to have been sustained by her Buick automobile as a result *Page 894 
of a collision with one of the Morrison cabs.
Defendants filed exceptions of no cause of action which were referred to the merits.
No testimony was offered by the defendants and, at the conclusion of the plaintiff's evidence, judgment was rendered in favor of Burns and the Shepherd Cab Owners' Association dismissing plaintiff's suit "for the reason that plaintiff has not alleged and has not proved that the operator of the cab was acting in the course of his employment at the time of the accident, and has not shown what relationship Shepherd Cab Owners Association has with the case". From this judgment plaintiff has appealed.
[1, 2] It must be conceded that the record is barren of any evidence which would tend to show that the Shepherd Cab Owners' Association was Burns' insurance carrier. In regard to the holding of the learned judge, a quo, to the effect that plaintiff had failed to allege or prove that the operator of the cab involved in the accident was acting in the course of his employment at the time of the accident, the situation is not so clear. We find that in paragraph 1 of the plaintiff's petition it is alleged "that Samuel Burns, of age and domiciled in this City and State, doing business as the Morrison's Cab Service and the Shepherd Cab Owners' Association, authorized and doing (business) in this City and State, are justly and truly indebted unto petitioner in the full sum of $475.00 to wit". In answer to this paragraph defendants aver that "paragraph 1 is admitted except as same pertains to liability which is denied". We have, therefore, an admission that Burns was doing business as the Morrison's Cab Service. The answer further states that "this accident occurred thru no fault or negligence on the part of the Burns driver" and discusses at length the innocence of the Burns driver and the negligence of the driver of the Morales car in failing to keep a proper lookout for the Burns car which is alleged to have had the right of way. We believe, therefore, that it may be fairly said that there is an admission that Burns was the owner of the car involved in the accident with the plaintiff's automobile. Insofar as the want of allegation and lack of proof that the driver of the Burns car was engaged in his employer's business at the time of the accident, the fact that he was driving the Burns car at the time, which is conceded, creates a presumption that he was acting in the course of his employment. Union Indemnity Co. v. Henry C. Faust, No. 9440, see Louisiana and Southern Digest; Norman, et al. v. Little, et al., 14 La. App. 298, 129 So. 459; Lovoi v. R. F. Mestayer Lumber Co., Inc., et al., La. App., 185 So. 473.
We are asked to remand the case in order to admit proof which, it is said, is readily available to establish the connection of Shepherd Cab Owners' Association with Burns as his insurance carrier. Opposing counsel objects to our doing so, as it would amount to the giving to the plaintiff who had failed to establish his case another opportunity to do so.
Article 906 of the Code of Practice reads as follows: "* * * if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refused to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."
See, also, Young v. Thompson, La. App., 189 So. 487; Stinseri v. Cassagne, 191 La. 209, 185 So. 1.
[3] The record as presently made up would require us to condemn the defendant Burns and absolve the Shepherd Cab Company. We believe, however, that it would be more consonant with the ends of justice to remand the cause for all purposes, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this case be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed. All costs to await the final disposition of the case.
Reversed and remanded. *Page 895