This is a suit for damages arising out of an automobile collision in the City of Crowley, Louisiana, on or about the 6th day of February, 1948, between a car driven by the plaintiff and a car allegedly owned by the Crowley Yellow Cab Company, Inc. and being driven by an employee of the cab company. The petition alleged that the plaintiff was driving a 1934 Ford sedan in an easterly direction on West Hutchinson Avenue in the City of Crowley and that "a taxicab owned by Crowley Yellow Cab Company, Inc. and operated by one of its employees and/or drivers suddenly darted" from the rear of a car which was traveling in a northerly direction at the intersection of West Hutchinson Avenue and Western Avenue, and that the cab was traveling in a northerly direction on Western Avenue, the collision taking place in the intersection of West Hutchinson Avenue and Western Avenue. It further alleged that plaintiff was driving his car in a safe and prudent manner, and that the proximate cause of the accident was due solely to the negligence of the driver of the taxi.
Defendant's answer was in the nature of a general denial and in reconvention it alleged that the sole and proximate cause of *Page 534 
the accident was due to the negligence of the plaintiff and denies negligence on the part of the driver of the taxi, and, in the alternative, in the event the Court should find that the driver of the taxi at the time was guilty of the negligence alleged by plaintiff, that the plaintiff was also negligent and that his negligence was a direct and contributing cause of the collision and the resulting damages and injuries, plaintiff being guilty of contributory negligence which would bar recovery.
The plaintiff, in his petition, stated that his damages were $177.62, the cost of the repair of the automobile, and $27.00 for doctor's fees for treatment of his wife and grandchild who were passengers in the car. Defendant reconvened and prayed for damages in the amount of $571.50, however, abandoned any claim for damages but specifically reserved its rights under the exception and all objections and its rights under its pleadings as to the accident being due solely to the negligence of the plaintiff and, in the alternative, due to the contributory negligence of the plaintiff.
At the beginning of the trial, the defendant filed an exception of no cause or right of action and made a general objection to any testimony which would tend to show that the Crowley Yellow Cab Company, Inc., was in any way responsible for any damage which the plaintiff in this suit might have sustained, arising out of the accident and collision, for the reason that there was no allegation contained in the petition showing that the driver of the taxi was acting within the course and scope of his employment with defendant at the time of the accident. The exception was referred by the Court to the merits and testimony was allowed subject to the objection and by agreement of counsel the objection was made general and to apply to all testimony solicited from any witness without being specially renewed.
The plaintiff in his petition alleged that the cab was owned by the Crowley Yellow Cab Company and "operated by one of its employees and/or drivers." The defendant in its brief and arguments before the Court relies solely upon the contention that this is not an affirmative statement that the driver of the cab was acting within the scope of his employment by the defendant at the time of the accident, and that to permit any testimony showing the status of agency would be an enlargement of the pleadings and that his timely objection to such testimony should exclude any evidence showing that the driver of the cab was at the time of the accident engaged in the business of the defendant company.
The question then arises as to whether or not the allegations contained in the petition of plaintiff are sufficient to state a cause of action or was it also necessary that plaintiff allege facts which, if proven, would affirmatively show that the driver of the cab at the time of the accident was engaged in the business of the defendant company.
In the case of Truxillo v. De Lerno, La. App., 146 So. 71, 72, the plaintiff brought suit to recover damages to an automobile which resulted from a collision between it and the driver of an automobile belonging to defendant. When the case was called for trial on the merits, the attorney for the defendant objected to the introduction of any evidence by the plaintiff for the purpose of showing that the driver of the Buick automobile was defendant's agent or employee at the time he was driving defendant's car because petitioner did not make that allegation. The Court, in deciding the case, quotes an article from plaintiff's petition which is as follows:
"The damage hereinabove set forth, * * * was caused solely and exclusively through the defendant's driver, who in his extreme haste to perhaps meet an appointment, ignored all traffic rules and regulations, carelessly and negligently running into your petitioner's car, causing the, following itemized damage."
The Court held that the language "the defendant's driver" was sufficient to permit the introduction of evidence which would show the actual and true relationship of the driver and owner of the automobile, and rendered judgment accordingly.
In the case of Morales v. Burns et al., La. App.,21 So.2d 893, 894, arising out of an automobile accident, the defendant filed an exception of no cause of action which *Page 535 
was referred to the merits. The Court held:
"We believe, therefore, that it may be fairly said that there is an admission that Burns was the owner of the car involved in the accident with the plaintiff's automobile. Insofar as the want of allegation and lack of proof that the driver of the Burns car was engaged in his employer's business at the time of the accident, the fact that he was driving the Burns car at the time, which is conceded, creates a presumption that he was acting in the course of his employment. Union Indemnity Co. v. Henry C. Faust, [Orleans] No. 9440, see Louisiana and Southern Digest; Norman et al. v. Little et al., 14 La. App. 298, 129 So. 459; Lovoi v. R. F. Mestayer Lumber Co., Inc. et al., La. App., 185 So. 473."
In May v. Yellow Cab Company, 164 La. 920, 114 So. 836, 838, the Court states:
"We may say, however, that the great weight of authority, both from text-writers and the decisions of the highest courts of the states, seem to recognize the rule that, in an action for an injury or damage inflicted by an automobile, an allegation and proof showing the ownership of the automobile, and that it was being operated at the time by an employee of the owner, is sufficient to make out a prima facie case and to raise the presumption that the servant was acting within the scope of his employment, and that the burden is then thrown on the owner to show to the contrary. See list of cases noted in L.R.A. 1918D, 924. See, also, list of cases noted in Berry, Automobiles, beginning at page 1011."
See also Antoine v. Louisiana Highway Commission et al., La. App., 188 So. 443.
Counsel for defendant cites and relies upon the case of Gaubert v. Ed. E. Hebert Co., Inc., La. App., 174 So. 716, the syllabus of which states that the complaint must allege that truck driver was at the time of the accident engaged in the service of the master; however, an examination of the case reveals the following statement in the opinion:
"He made the necessary allegation that the truck driver was, at the time of the accident, engaged in the service of his master, and that is not a controverted issue in the case."
Defendant also cites McCurdy v. City Cab Company, La. App.,32 So.2d 720, however, in that case the cause of action arose out of an altercation between the plaintiff and an employee of the defendant company.
It is, therefore, well established that an allegation of ownership and employment of the driver is sufficient to establish a prima facie case of agency or master and servant relationship and, this being true, the allegation that "a taxicab owned by the Crowley Yellow Cab Company, Inc. and operated by one of its employees and/or drivers" is sufficient to state a cause of action. If an employee at the time of the collision was not acting in the scope or course of his employment, then such a fact would be a matter of defense to be plead by the employer. The judgment of the trial court in overruling the exception of no cause of action was correct and is affirmed.
It is clear from the testimony that the driver of the car of the Crowley Yellow Cab Company was employed by that Company and was driving a fare from the office of the Cab Company, where he came to seek the services of the Company, to his home, and there is no question but that he was acting for the company and was within the scope of his employment and authority. The trial judge gave judgment in the amount of $177.69 for the damage caused to the automobile of plaintiff, which was not disputed by counsel for defendant, but refused the doctor's bill on the ground that the proper persons to bring suit on behalf of the child were the parents of the child. This is correct and it is not urged by counsel for plaintiff in his argument or in his brief.
The only remaining question, then, is whether or not the driver of the cab was negligent and if his negligence was the proximate cause of the accident and whether or not plaintiff was guilty of contributory negligence to bar recovery.
The preponderance of evidence shows clearly that the trial judge was evidently *Page 536 
correct in finding the driver of the cab negligent. The uncontradicted testimony in the record shows conclusively that the Drake car had traveled more than half way across the intersection at the time of the impact and had pre-empted the intersection. Counsel for defendant has not urged in his brief or in his argument before this Court that the trial judge was in error in any respect except in overruling the exception of no cause of action. Hence the brevity with which we dispose of the last-stated question.
It is therefore ordered that the judgment of the District Court be affirmed.