AYRES, Judge.
This is an action in tort. Plaintiff sustained an accidental injury to his back August 12, 1957, when an ice delivery truck owned by defendant allegedly and without warning backed into him as he walked along a foot path alongside Amulet Street in the City of Natchitoches. The truck was driven at the time by one Leroy Brown. The trial court concluded that Brown was defendant’s employee and, after evaluating plaintiff’s injuries, from the evidence adduced on the trial of the case, awarded plaintiff damages for personal injuries, pain and suffering in the sum of $1,250, together with $147.30 for medical expenses. From the judgment defendant has appealed. Plaintiff has answered the appeal, praying that the award be increased.
Primarily for consideration is the responsibility vel non of the defendant for the actions of Leroy Brown. Directly at issue is the question of Brown's employment at the time of the accident.
The rule that the agency and scope of employment of a driver of a motor vehicle may be established by the presumption that where one is in the possession of such a vehicle of another and is using it in the service of such other, he is the servant or agent of the owner, is well recognized in the jurisprudence of this State. Norman v. Little, 14 La.App. 298, 129 So. 459; Lovoi v. R. F. Mestayer Lumber Co., Inc., La.App., 185 So. 473; Coon v. Monroe Scrap Material Co., La.App., 191 So. 607; Le Blanc v. Olivier, La.App., 5 So.2d 170; Morales v. Burns et al., 21 So.2d 893; Houlton v. Nichols Truck Line, La.App., 23 So.2d 368; Simms v. Lawrence Bros., La.App., 72 So.2d 538.
In this regard defendant’s ownership of the truck is conceded and the evi *847 dence establishes that at the time of the accident the truck was in defendant’s service delivering ice to his customers. Thus, a prima facie case has been established and the presumption is created that the driver, Leroy Brown, was acting as an agent or employee of defendant and in the course and scope of his employment when the accident occurred.
However, the presumptions arising out of the ownership and service of a motor vehicle in such cases, as is presented here, are not conclusive but are rebuttable presumptions which may be disproved by the owner of the vehicle. Simms v. Lawrence Bros., supra; Coon v. Monroe Scrap Material Co., supra; Taylor v. Victoria Navigation Co., La.App., 176 So. 519; Blashfield’s Cyclopedia of Automobile Law and Practice, Vol. 9B, pp. 567-597, §§ 6065 and 6066.
Thus, it would appear that appellant has the burden of proving his special defense that at the time of the accident Leroy Brown was neither his servant nor employee. Hence, the question arises: Has defendant successfully met that burden by a preponderance of the evidence? An answer to this question can only be found in the facts established in the record.
The proof offered by plaintiff indicates that Leroy Brown was only 15 years of age at the time of the accident and that neither he nor his older brother, William Brown, who was a helper to one George Johnson in delivering ice for defendant, had a driver’s license. Plaintiff called a number of witnesses for the purpose of showing that Leroy Brown had on previous occasions driven the truck. This testimony is unsatisfactory and unconvincing in that it does not disclose that the witnesses identified Leroy Brown as the driver of the truck on such occasions.
By the testimony of the defendant, Burg-dorf, corroborated by his employment record and reports to the Division of Employment Security, it is established that during the three months’ period in which plaintiff was accidentally injured, Leroy Brown earned only $9 while employed by the defendant merely for the purpose of cutting weeds and doing yard work, payment for which was made by defendant’s check of July 13, 1957, or 30 days prior to the date of the accident. This payment is acknowledged in the aforesaid reports, which do not reveal any other employment of Leroy Brown by the defendant during the entire year of 1957. Defendant further testified he had but two drivers and that George Johnson regularly drove the truck in question, and that when one of the drivers was unable to drive, his ice delivery was accomplished by the other driver on the job. William Brown, who at the time was in defendant’s employ as a helper to George Johnson, had been, according to defendant, expressly prohibited from driving the truck at any time.
It is contended, however, there was a duty on the defendant to call Leroy Brown and William Brown as his witnesses. From this it is urged that his failure to produce said witnesses or to obtain their testimony is due to the fact that such testimony would have been adverse to defendant. These persons, if Burgdorf’s testimony is acceptable, were violating his rules and violating the law which prohibits the driving of a vehicle without the consent of the owner and, further, without a driver’s license. Under these circumstances, they would not be expected to be entirely fair and impartial witnesses imbued wholly with the spirit of truthfulness. Their testimony was as equally available to plaintiff and the rule relied upon is inapplicable.
From our review of the evidence, the conclusion, in our opinion, is inescapable that Leroy Brown at the time of the accident was neither a servant, agent nor employee of the defendant; that the defendant has, therefore, overcome the burden placed upon him, and that the question presented for determination should be answered in the affirmative.
*848 From this it follows that the judgment appealed should he and it is hereby annulled, avoided, reversed and set aside, and it is now ordered, adjudged and decreed that plaintiff-appellee’s demands be and they are hereby rejected at his cost, including the cost of the appeal.
Reversed.