GLADNEY, Judge.
This appeal originally considered by this court, 111 So.2d 845, was reviewed by the Supreme Court of Louisiana, which, after resolution of liability on the part of the defendant, has remanded the case to this court for the purpose of determining the quantum in damages to be awarded plaintiff.
Plaintiff claims in addition to damages for past and future pain, that he suffered loss of income and wages by reason of having to discontinue his job as janitor, from which he earned $10 per month, and that likewise he had to forego his earnings from hoeing and picking cotton as a result of his disability. Medical expenses also were claimed.
The trial court, after considering the nature of Cofield’s injuries and evidence as to loss of earnings, awarded a total of $1,387.30, which sum included medical expenses of $147.30. In this court appellant contends the judgment is excessive and *664 should be reduced to approximately $250 and an additional sum of $86.80 for special damages. Plaintiff, on the other hand, asserts the award is inadequate and has answered the appeal asking the award be increased to $7,514.90. Plaintiff asserts he is entitled to $3,187.60 for loss of income, $3,750 for pain and suffering, $147.30 for medical expenses incurred and the further sum of $440 for future medical expenses.
Lee Cofield was injured while walking along a street in the City of Natchitoches. He was struck by a truck of the defendant. The blow was sufficient to knock him down and cause contusions and abrasions to his back. Prior to being moved to the hospital he was given an examination at the scene of the accident by Dr. James V. Kaufman and then hospitalized from August 12th through August 14th, during which hospitalization he was administered a tetanus shot and given slight sedation. After a complete examination, including X-rays, which were negative of any bone damage, Dr. Kaufman found plaintiff with a painful and tender area in the lumbar region of the back as the result of contusions and abrasions inflicted by the automobile truck which struck him. He continued to treat Cofield over a period of about two weeks, during which time plaintiff continually complained of his back. At the end of the two week period the doctor determined plaintiff was not suffering from any serious injury but would continue to have some pain for about two weeks. During his examination the doctor observed the sixty-three year old patient suffered from chronic arthritis, a normal finding for an individual of his age.
About August 21st Cofield was examined by D.r. E. A. Johnson of Natchitoches, and continued under his care until June 5, 1958. The testimony of Dr. Johnson, who subsequently died, was unsatisfactory and not supported by accurate office records. He testified a ' fluoroscopic examination showed Cofield’s spine was deviated to the left side, which fact, in his opinion, indicated a strained muscle or tear of the ligaments of the back. He applied adhesive tape to the back and instructed the patient to wear same until December.
On February 14, 1958, defendant caused Cofield to be examined by Dr. Charles E. Cook, who testified that his objective findings were consistent with those to be expected in a sixty-three year old man and he did not think the back pain was caused by the effects of the accident. He indicated plaintiff was grossly exaggerating his complaints of pain, and that these complaints were not localized, but over the entire back from the shoulders to the buttocks. His opinion was plaintiff was in the same physical condition he was in prior to the accident.
It was the opinion of Drs. Kaufman and Cook there was no reason why Co-field could not perform his duties as janitor. Dr. Johnson, however, testified that he believed that Cofield would be totally disabled for the remainder of his life.
Plaintiff has failed to furnish satisfactory proof of any substantial loss of income and we find his injuries consisted principally of abrasions and contusions and were not of a permanently disabling nature. Accordingly, we are of the opinion the judgment as rendered by the trial court was fair and equitable and is neither excessive nor inadequate
The judgment of the district court awarding plaintiff the sum of $1,250 together with five per cent per annum interest thereon from judicial demand until paid and for the additional sum of $147.30 as medical expenses, with five per cent per annum interest thereon from judicial demand until paid, is reinstated and made the judgment of this court. It is further ordered that the defendant pay all costs of this suit.