AYRES, Judge
This is an action in tort. Involved in an intersectional collision at Jordan Street and Southern Avenue, in the City of Shreveport, were plaintiff Mary Hill’s Chevrolet and defendant Lucille Brown’s Oldsmobile. Plaintiff Mary Hill sought to recover property damages sustained to her automobile; and her guest passenger, Mrs. Imogene Mayberry, sought damages for personal injuries sustained by her. Service was never had upon the defendant, James McDuffie.
From a judgment in favor of plaintiff, Mrs. Imogene Mayberry, for $190, and in favor of plaintiff, Mary Hill, for $100, defendant Lucille Brown appealed.
Sufficient for a resolution of the issues presented is a brief statement of the material facts established by the record. Mary Hill, accompanied by her mother, Mrs. Imogene Mayberry, as a guest passenger, was driving in a northerly direction on Southern Avenue. James McDuffie, accompanied by defendant, Lucille Brown, was driving the latter’s car in a westerly direction on Jordan Street. After entering the intersection, the front of plaintiff’s vehicle struck the left side of defendant’s car. Defendant’s vehicle ran the red light. Entrance into and the attempt to negotiate *367 the intersection by defendant McDuffie, when confronted with a red signal light, and without keeping a proper lookout, were the sole, proximate causes of the accident.
The primary defense urged by defendant Lucille Brown is that she was merely a guest passenger in her own car, which she had loaned to James McDuffie for purposes of his own. She testified that McDuffie, a minister, borrowed her car to make a trip to a local hospital for the purpose of visiting friends undergoing treatment there. She accompanied him only for the pleasure of the ride.
Difficulty is experienced in some instances in establishing the status of the driver as an agent or servant of the owner of a vehicle involved in an accident. In making a prima facie case, this status may be established by the presumption that, where one is in the possession of an automobile of another and is using it in the service of such other, he is deemed to be a servant or agent of the other. Thus, proof of ownership of the vehicle has been field to justify an inference that the driver was the agent or servant of the owner, and that he was operating the vehicle at the time of the accident in pursuit of the owner’s business and within the scope of the driver’s employment. Blashfield’s Cyclopedia of Automobile and Practice, Vol. 9B, p. 567, § 6065.
In Norman v. Little, La.App.Orleans, 1930, 14 La.App. 298, 129 So. 459, 460, it was held, where a defendant admitted the ownership of an offending automobile, the presumption was that the driver was the owner’s agent and that he was acting within the scope of such agency; too, where a truck bore the name under which the defendant did business, the driver was presumed to be in the employ of the defendant and presumed to be acting within the scope of his employment.
These principles were recognized in the cases of Coon v. Monroe Scrap Material Co., La.App. 2d Cir., 1939, 191 So. 607, 610 (writs denied); Simms v. Lawrence Bros., La.App. 2d Cir., 1954, 72 So.2d 538, 541.
It was observed, however, in the first of these cases [191 So. 610], that
"Ownership of a motor vehicle at fault in an accident, does not necessarily cinch responsibility for results upon the owner; but an inference of responsibility arises from proof of such ownership. This inference, dependent upon the character of the proof supporting or traversing it, grows stronger or weaker. And when such proof, as is true in this case, goes far towards establishing that the operator of the offending vehicle was on a mission for the owner, the inference takes on a status nearly, if not wholly, equal to conviction, to overcome which evidence of wnusually strong and convincing character needs to be adduced.” (Emphasis supplied.)
Moreover, where the owner of an automobile permits the vehicle to be driven by a friend and, with the friend, engages in a joint pleasure ride, the owner retains the right of control to such an extent as to render the owner liable for the negligence of the driver. Waguespack v. Savarese, La.App.Orleans, 1943, 13 So.2d 726.
As was stated in Simms v. Lawrence Bros., supra, the presumptions flowing from the ownership and service of a motor vehicle, in cases such as is presented here, are rebuttable presumptions which may be disproved by the defendant. However, the evidence offered by the defendant in this case is not of such unusually strong and convincing character as will, in our opinion, overcome the presumption. Defendant relied solely upon her own testimony, and its unsatisfactory and unconvincing character is insufficient to establish the defense relied upon.
We therefore conclude that Me- . Duffie, the driver of the car, was the agent ; *368 of the defendant, Lucille Brown, the owner of the car, who was riding with him and who had not surrendered or delegated the authority of control, an implicit element of ownership. Therefore, under this state of facts, as to third persons involved in an accident, the negligence of the driver is imputed to the owner of the car. Gaines v. Hardware Mutual Casualty Company, La.App. 1st Cir., 1956, 86 So.2d 218, 219, and the authorities therein cited.
The judgment appealed is, therefore, affirmed at defendants-appellants’ cost.
Affirmed.