## No. 496

## First Circuit

---

## GENERAL SECURITIES CO., INC., v. CITY OF HAMMOND ET AL.

---

(June 28, 1929. Opinion and Decree.)

---

Burns & Pierson, of Ponchatoula, attorneys for plaintiff, appellee.

A. W. Spiller, of Hammond, and S. S. Reid, of Amite, attorneys for defendants, appellants.

LECHE, J.   Plaintiff in this suit appears in the capacity of transferee and subrogee of a claim for damages against the city of Hammond and Tangipahoa drainage district No. 1, which it acquired from Roy O. Bankston, and therefore, for the purposes of this suit, stands in the shoes of said Roy O. Bankston, with all of his rights and obligations, so far as the defendants are concerned.

It appears that on the night of January 15; 1927, at about 12 o'clock, Bankston's automobile, while being used and operated with his consent by Millard Bankston, a near relative, ran into a drainage canal, which had been dug in a diagonal direction across Cherry street in the city of Hammond, and was almost totally wrecked. It is alleged that the canal said to be about 10 feet deep and 30 feet wide was dug by the drainage district with the knowledge, consent, and approval of the city of Hammond.  It is not denied that the sides of the canal were not fenced or barricaded, and that there was nothing to indicate its presence in the way of signs, signals, or red lights, so that it might be seen at a safe distance during the darkness of night.

Millard Bankston, who was driving the automobile, says as a witness that he was

traveling between 20 and 25 miles per hour, did not know where was a canal crossing the street, and was only able to see the canal when within 10 feet of it, and that it was then too late to avoid running into it.

An exception of no cause of action filed by the city of Hammond was, in our opinion, properly overruled by the trial judge. While the petition does not specifically charge as a conclusion that the city was negligent, the facts alleged in the petition do show the grossest kind of negligence. The city has exclusive control over its streets. It is responsible for death traps or pitfalls dug across the same, and the reasonable presumption is that it has knowledge of their existence. There is nothing in the case of Weinhardt vs. New Orleans, 125 La. 351, 51 So. 286, quoted by defendant in support of its exception, gainsaying the proposition here stated.

The city of Hammond called in warranty H. J. Sternberg, the contractor, who dug the canal under a contract with the drainage district, and who had assumed to place safeguards near the canal to prevent such accidents as that which gave cause for the institution of the present suit. Sternberg joined the city of Hammond in opposing the claim of plaintiff, and adopted the same line of defense.

After due trial, the district court rendered judgment in favor of plaintiff against the city of Hammond for $350, and in favor of the city of Hammond for a like sum against Sternberg as warrantor.

Both the city of Hammond and Sternberg obtained orders of appeal, and, in pursuance of such orders, the case now appears in this court.

The drainage district was also made a defendant in the case, but, for some reason which we cannot find in the record, it seems to have dropped out of the case, and this evidently was with the consent of all other parties.

The main defense is that the accident occurred through the contributory negligence of Bankston, and for this reason, that plaintiff has no right to recover damages against defendant.

The traffic regulations of the city of Hammond were offered in evidence, and the ordinance therein fixes a speed limit of 15 miles per hour. The accident happened on a city street, and the driver of the Bankston car says that he was driving at a speed of 20 or 25 miles per hour. Defendants then contend that the speed at which the automobile was running was the proximate cause of its plunge into the drainage canal, and therefore that Bankston was guilty of contributory negligence.

The Supreme Court of this state very aptly said in the case of Lopes vs. Sahuque, 114 La. 1005, 38 So. 810, that an act violative of a city ordinance is not sufficient of itself to give cause of action for damages in favor of a citizen who gets hurt, where the damage especially is not of the kind which the ordinance was intended to avoid. The converse of this proposition is equally true. The ordinance invoked in this case was certainly not intended to safeguard the traveling public from running into open canals dug across the streets of the city, but its evident purpose was to avoid injury by collision to persons other than the driver of the vehicle. The proximate cause of the damage to Bankston's automobile was not the speed at which he was running the automobile, but the unguarded canal or death trap across the street of the city. See Lapouyade vs. N. O. Ry. & Light Co., 138 La. 240, 70

So. 110. The same result would most likely have followed if he had been driving at a speed of 15 miles, as limited in the ordinance. Again we say that it is inconceivable that the speed limit fixed upon automobiles was intended to absolve the city from liability to automobilists who might exceed such limit when suddenly confronted with a most unusual condition, a large and deep canal across a public street, unguarded and unknown to the automobile chauffeur.

The rule as to the liability of a defendant, when the plaintiff himself is guilty of negligence, is well stated in a Massachusetts case:

"An action to recover damages for an injury caused by the negligence of the defendant is not barred by the negligence of the plaintiff at the time of the injury, unless plaintiff's negligence was a direct, contributing cause to the injury, as distinguished from a mere condition in the absence of which the injury would not have occurred." Black vs. New York, N. H. & H. R. Co., 193 Mass. 448, 79 N. E. 797, 7 L. R. A. (N. S.) 148, 9 Ann. Cas. 485.

"The right to maintain an action for damages resulting from the omission of the defendant to perform a public duty is not taken away, because the person injured is at the time disobeying a statute, where the unlawful act or conduct in no way contributes to the accident." Hemming vs. New Haven, 82 Conn. 661, 74 A. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240.

We are of the opinion that defendant is liable, even conceding that Bankston was driving at a speed exceeding the limit fixed in the city ordinance of the city.

The amount of the damage which plaintiff suffered is not seriously contested. The judgment of the district court fixed it at $350 and this award is supported by the evidence.

For these reasons, the judgment of the district court is affirmed as to defendant, and also as to warrantor, with costs.

MOUTON, J., not participating.