## MARTINEZ v. REIN et al. *
### No. 14439.

Court of Appeal of Louisiana. Orleans.
March 27, 1933.

Plaintiff's violation of ordinance will not prevent recovery for negligence, where violation was not contributing cause of accident.

---

Suit by F. L. Martinez against Frank Rein and others. From a judgment of dismissal, plaintiff appeals.

Reversed in part, and judgment ordered in favor of plaintiff, and against defendant William P. Murphy.

Samuel J. Tennant, Jr., of New Orleans, for appellant.

R. C. Davey, of New Orleans, for appellee Wm. P. Murphy.

Julian Samuel, of Gretna, for appellee Frank Rein.

WESTERFIELD, Judge.

The plaintiff, F. L. Martinez, was the owner of a weighing scale which was placed on the sidewalk in front of the premises No. 4304 Magazine street. The scale was demolished by a falling post which had been knocked down by a truck driven by Frank Rein. Martinez brought this suit against Rein, William P. Murphy, and John Franz, in solido, for $175, the value of the scale, alleging that its demolition was due to the joint negligence of the three defendants.

Franz was never served and is out of the case. The other two defendants deny all responsibility for the accident, Rein making the special defense that plaintiff, in placing the scale upon the sidewalk, violated Municipal Ordinance No. 4797, A. S., relative to the obstruction of sidewalks, and is, therefore, debarred from recovering on that account. There was judgment below dismissing the suit, and plaintiff has appealed.

It appears that Rein, who was driving a truck, was traveling at a lawful and moderate rate of speed down Magazine street abreast of the point where plaintiff's scale was located, when Murphy, who had been following the Rein truck, undertook to pass him in his Ford automobile. A Willys-Knight car driven by Franz suddenly loomed in front of Murphy, blocking his way. Observing the Franz car, Murphy turned sharply to the right to avoid it and, in doing so, he crossed the path of Rein's truck, causing Rein to turn to his right into the post supporting the shed, which was knocked down and fell upon plaintiff's scale.

Murphy contends that Franz was responsible for the accident and he may have been a contributing factor, but, in our opinion, Murphy, in undertaking to pass the Rein truck, was not keeping a proper lookout ahead; otherwise he must have seen the Franz car in time to have checked his speed, which he says was fifteen miles per hour, and allow the Franz car to pass, or to have abandoned his purpose to pass the Rein truck.

Immediately after the accident, Murphy offered to pay for the damage done to Rein's truck, which was at his suggestion driven to a garage and later repaired at an expense of $25, which Murphy paid. The explanation of this incident given by Murphy is that it was a simple act of courtesy. It seems to us, however, that it must be given greater significance. It will be conceded that Murphy's statement concerning his responsibility for the accident made immediately after the collision is not controlling and would be given no weight in the face of evidence establishing the contrary. Nevertheless, this statement and his subsequent payment of $25 for the repairs must be considered as having established the fact that Murphy believed himself to have been at fault and, with commendable promptness, offered to repair the damage he had done. Our appreciation of the evidence is that Murphy's first impression was correct.

The violation of the city ordinance was not a contributing cause of the accident. Consequently the conduct of plaintiff in this respect is not a bar to his recovery. Centrall Glass Co. v. Heiderich, 6 Orleans App. 336; Vaughn v. N. O. Railway & Light Co., 13 Orleans App. 116; Masera v. A. Baldwin & Co., Ltd., No. 8244, Court of Appeal Parish of Orleans (Book No. 57) decided May 30, 1921, [see Louisiana and Southern Digest]; General Securities Co., Inc., v. City of Hammond, 11 La. App. 306, 123 So. 399.

*Rehearing denied April 24, 1933.

For the reasons assigned the judgment appealed from is reversed in so far as it runs. in favor of the defendant William P. Murphy, and it is now ordered that F. L. Martinez have judgment against William P. Murphy in the full sum of $175; the costs of appeal to be paid by Murphy and those of the trial court by Martinez.

Reversed in part.