## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. BOWDON et al. *
No. 5069.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

See, also, 181 La. 295, 159 So. 394.

Alvin R. Christovich, of New Orleans, and Geo. J. Ginsberg, of Alexandria, for appellant.

B. F. Thompson, Jr., and Hawthorn, Stafford & Pitts, all of Alexandria, for appellees.

DREW, Judge.

This is a suit instituted by the Metropolitan Casualty Insurance Company of New York as statutory and conventional subrogee and assignee against W. George Bowdon and his insurer, Associated Indemnity Corporation of San Francisco.

On November 19, 1931, the deceased, John L. Moore, was employed by the American Legion, a veterans' organization, domiciled in Indianapolis, Ind. Mr. Moore, as American Legion representative, was employed in the Rehabilitation Department, presided over by Watson B. Miller, which department has its headquarters in Washington, D. C. The home office of the American Legion is in Indianapolis and its affairs are controlled by an executive committee which meets in Indianapolis. Mr. Moore's duties were to contact veterans having claims against the United States as a result of service in war time, and appear for them before the Veterans' Administration where he would there seek to justify the claims of said veterans for government benefits. He had charge of eleven states and his office was in New Orleans, La. His reports were sent to his chief, Watson B. Miller, in Washington, D. C., from time to time, but once or twice each year it was necessary for him to go to Indianapolis, the home office of the American Legion and its legal domicile, in furtherance of his duties. His salary was paid from Indianapolis.

On November 18, 1931, Mr. Moore, in company with several officials of the Veterans' Administration, was in Alexandria, La., supervising claims' investigations in the course of his employment with the American Legion, and on the night of

November 18, 1931, he, in company with several of these gentlemen, drove from Alexandria to Marksville, La., where he was the guest of a friend at dinner. The visit to Marksville was incidental to his returning to New Orleans from Alexandria, La., as he intended catching the train for New Orleans at Bunkie.

About midnight, Mr. Moore, in company with two friends, accepted the invitation of Mr. W. George Bowdon, defendant, to be driven in defendant's car to Bunkie to catch the train to New Orleans. On the way to Bunkie, an accident occurred wherein the automobile of defendant ran off the roadway into an embankment, under such circumstances as plaintiff avers renders Mr. Bowdon liable in damages, and Mr. Moore was fatally injured.

A claim was filed for workmen's compensation benefits with the employer of Mr. Moore, the American Legion, by his widow. The claim was filed in the name of Julia Moore, individually, and as tutrix of the minor, William Moore. This application for compensation was made before the Industrial Board of Indiana and filed on November 3, 1932. The employer having filed a report of accident with the Industrial Board of Indiana, and a stipulation having been entered into between Mrs. Julia Moore and the American Legion, an award was made by the Industrial Board of Indiana awarding compensation to Julia Moore against the defendant, the American Legion, on the basis of $16.50 during her dependency, not exceeding 300 weeks.

The Metropolitan Casualty Insurance Company of New York, as compensation insurer of the American Legion, began the payment of the award of the Indiana Industrial Commission and paid Mrs. Moore under the terms of the award from the date of accident until the present time.

Under the Workmen's Compensation Law of Indiana, Acts 1929, page 537, § 13 thereof, the employer and its insurer are subrogated to the rights of the employee or dependent as against third parties. The insurers are included in this subrogation clause with the employer under section 73 of the act.

Inasmuch as the Metropolitan Casualty Insurance Company of New York assumed the payment of compensation to Mrs. Moore under the award of the Industrial Board of Indiana, it filed suit against Mr. Bowdon and his insurer as third parties. It might be added that Mrs. Moore also gave a conventional assignment of her rights against the American Legion to the insurer, Metropolitan Casualty Insurance Company of New York.

As set out above, the Metropolitan Casualty Insurance Company of New York filed a suit against defendant, Bowdon, as owner and driver of the automobile, and his insurer, Associated Indemnity Corporation of San Francisco, in the capacity of statutory subrogee and conventional subrogee and assignee. Its petition alleged that Mr. Moore was a guest in Mr. Bowdon's car, and that Mr. Bowdon was negligent in driving at a fast rate of speed on a road made slippery by mist and rain, and with visibility poor, and that Mr. Moore and his companions, becoming frightened when the car skidded, remonstrated with Mr. Bowdon, and that finally, Mr. Bowdon, upon approaching the Bunkie road, which runs at right angles to the Marksville road, on which they were driving, failed to make a turn into the Bunkie road, but continued straight off of the Marksville road into a ditch and embankment, causing injuries to Mr. Moore from which he subsequently died; that the accident was caused by the negligence of the driver of the car in driving at too fast a rate of speed on a wet and slippery road, under weather conditions which were drizzly and foggy, and after being remonstrated with by his guests, which speed of the car prevented the driver from making a safe turn into the Bunkie road, but caused him to drive straight ahead off of the Marksville road into the embankment, and further negligence in failing to keep a proper lookout.

Plaintiff also alleged that the Associated Indemnity Corporation of San Francisco had written a liability policy for W. George Bowdon on the automobile in question with a protection up to $20,000, which policy was in force and effect at the time of the accident.

Plaintiff asked judgment of Mr. Bowdon and his insurer in the full amount of $5,050, the amount which the insurer became obligated to pay under the award of the Indiana Industrial Commission to Mrs. Moore; and under the conventional subrogation; and asked additional judgment for reasonable attorney's fees to be fixed by the court.

Both Mr. Bowdon and the Associated Indemnity Corporation of San Francisco answered the suit, but the Associated Indemnity Corporation of San Francisco de-

nied that it had a policy in full force and effect on the car in question in the name of Mr. Bowdon on the date of the accident, and likewise denied liability to plaintiff. Mr. Bowdon, while admitting that the deceased, Mr. Moore, was an occupant of his car, alleged that he took deceased into his car as an accommodation, and that the occupants of the car and Mr. Bowdon were engaged in a joint venture or common enterprise. He admitted that after he crossed Bayou du Lac bridge on the way to Bunkie from Marksville, La., the car skidded and some one in the rear seat called his attention to the fact that the road was not in good condition, but that he diminished the speed of his car until he was not driving more than twenty miles per hour for the reason that the fog, mist, rain, and the condition of the highway made faster driving unsafe.

His explanation in his pleadings of his failure to make the turn at the Bunkie road, and subsequently to run off of the highway into the embankment, was that he had previously traveled the road and knew that there was a sign at the end of the Marksville road near the embankment, but that upon the night of the accident it had been removed. To quote this special defense, article 12 of defendants' answer:

"Defendants deny the allegations of Paragraph 12 of plaintiff's petition, to the effect that the accident was caused solely by Bowdon's negligence and carelessness; they show on the contrary, that the accident was caused solely and exclusively because of the fact that the sign which Bowdon expected to see and to use as a guide to show him when and where to turn, had lately been removed and that he was thus led into a trap at a place which proved to be dangerous. Except as hereinabove admitted, modified and explained, the remaining allegations of said paragraph are denied."

Defendants also urged an alternative plea of contributory negligence in that deceased failed to remonstrate if the speed was excessive after the car passed over the Bayou du Lac bridge.

At the time of trial, the defendants took the position that the Metropolitan Casualty Insurance Company of New York had no standing to appear as statutory subrogee, inasmuch as the Industrial Commission of Indiana had no jurisdiction to make an award as Mr. Moore's services were rendered outside of the state of Indiana, and

was, therefore, not binding upon third parties such as Mr. Bowdon and his insurer.

On these issues the lower court rejected the demands of plaintiff, finding there was no negligence on the part of the defendant Bowdon. In so finding, the lower court was in error and we are convinced that the negligence of Bowdon was the sole proximate cause of the accident and death of Mr. Moore. The deceased was clearly a guest in defendant's car. He was invited by defendant to ride in his car from Marksville to Bunkie. Deceased had no control of the car, had nothing to do with the manipulation and guidance of it. The road he was traveling, going from Marksville, runs into the Bunkie-Evergreen road, and the junction of the two roads forms the letter "T." The junction point is wide, with a sweeping right-hand turn toward Bunkie and a sweeping left-hand turn toward Evergreen. When the car arrived at this junction, it was neither turned to the left or right, but continued on in a straight course until it ran off the embankment and into the ditch, causing the death of Mr. Moore and severely injuring the other occupants of the car.

When defendant left Marksville with his guests in the car, he traveled at a rate of speed of forty to forty-five miles per hour for a distance of ten or twelve miles when, upon the complaint of one of the guests, he slowed down to a speed of twenty or twenty-five miles. It was near midnight and there was a mist and fog prevailing which made visibility very bad and the road slippery. It appears that defendant Bowdon again increased the speed of the car, and it is shown that only a few minutes before the accident occurred all of his guests remonstrated with him about the speed at which he was driving. Bowdon contends that the lights on his car were in good condition and, although there was a mist and fog which caused poor visibility, he could see one hundred feet ahead by the car's lights. His only explanation of why he did not turn into the road upon arriving at the junction was that he was looking for a sign he had seen there several weeks before, which had been removed. He was familiar with the road, having traveled it many times, and his guests were not familiar with it.

The testimony of Bowdon alone convicts him of negligence, and the plea of contributory negligence utterly fails under the testimony in the record. We think it

evident that Bowdon was driving entirely too fast under the prevailing weather conditions. We also think it evident that he was not keeping a proper lookout, for if he had been, he could have seen the wide space and sweeping turns in the road at least one hundred feet before he reached the junction, and would have had no difficulty in turning either right or left into the Bunkie-Evergreen road. The fact that he had seen a sign at the junction several weeks before did not justify him in looking for the sign and not keep a careful watch on the road. There can be no doubt that Bowdon, by his negligence, was the sole proximate cause of the accident, and is liable for any damages caused thereby.

The record also makes it clear that the other defendant, Associated Indemnity Corporation of San Francisco, is his insurer against such damage caused by the accident and is liable in solido with him.

The only remaining legal question is the right of plaintiff to bring this suit and stand in judgment. Plaintiff sued under a legal or statutory subrogation and also under a conventional subrogation. Since we find the conventional subrogation a sufficient basis for the suit, it becomes unnecessary to discuss the statutory subrogation. In said conventional subrogation, Mrs. Moore, wife of deceased, assigned, set over, transferred, and subrogated to plaintiff all her rights, title, claims, and rights of action she might have had against the defendants herein for and in consideration of a valid consideration, amounting to the sum of $5,050, a part of which was paid in cash and an agreement to pay the balance by the week; therefore, for the purpose of this suit, plaintiff stands in the shoes of Mrs. Moore. General Securities Corporation v. City of Hammond, 11 La.App. 306, 123 So. 399.

Plaintiff only sued for the amount it had paid and had obligated itself to pay to Mrs. Moore. It, of course, can recover no more than it sued for.

At the time of the death of Mr. Moore, he was earning a salary sufficient to maintain his wife and minor child in comfortable circumstances, and of that Mrs. Moore has been deprived. She has also been deprived of the companionship of her husband and, under the circumstances of the case, the jurisprudence would justify a greater award, if same had been prayed for. We therefore conclude that plaintiff is entitled to judgment against both defendants in solido, as prayed for.

The judgment of the lower court is reversed and there is now judgment for plaintiff against both defendants in solido in the full sum of $5,050, with legal interest thereon from judicial demand until paid; and for all costs.