## HARPER et al. v. HOLMES.

### No. 5855.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

Vinson M. Mouser, of Columbia, for appellant.

John M. Hester, of Oak Grove, for appellees.

DREW, Judge.

Mr. and Mrs. Clyde Harper and their minor child, represented by her parents, instituted this suit to recover damages against E. Claude Holmes. The damages arose out of a collision of a car driven and owned by Holmes with the rear end of a wagon, owned and driven by Clyde Harper, and in which his wife and child were riding. The collision occurred on a straight road after dark, on August 13, 1937.

The facts are as follows:

Clyde Harper was driving his wagon in a northerly direction on the highway leading to Oak Grove in West Carroll Parish. The wagon was loaded with 16 bales of

hay and·in the rear of the wagon between the hay and the end gate Mrs. Harper and her minor daughter were standing. Mrs. Harper was holding a two cell flash light in a horizontal position to warn anyone approaching from the rear of the position of the wagon on the highway. The defendant, traveling in the same direction, in an automobile ran into the rear of the wagon. The impact was sufficient to knock both Mr. and Mrs. Harper from the wagon to the pavement and caused injuries to both. The child remained in the wagon and was not physically injured. Just a few minutes prior to the collision another automobile coming from the opposite direction approached and passed the wagon and the car driven by defendant. It was only after the car coming from the opposite direction had passed defendant's car that he discovered plaintiff's wagon on the highway. At that time the distance between the wagon and defendant's car was too short for defendant to have time to stop his car or avoid hitting the wagon at the speed he was traveling.

It is conceded by defendant that under the well settled jurisprudence of this State that it was negligent for him to drive his car into the rear of the wagon but he contends the plaintiff was negligent in driving on the highway without providing lights on the rear of the wagon, as the law of this State requires, and that plaintiff's negligence in this respect was a proximate cause of the collision and a bar to his recovery.

The lower court rejected the plea of contributory negligence and awarded judgment for plaintiffs, Clyde Harper and Mrs. Clyde Harper, and rejected the demands made on behalf of the minor daughter. Defendant prosecutes this appeal and plaintiffs have answered the appeal, praying that the judgment of the lower court be amended by increasing the amount of the award in favor of Clyde Harper and his wife, and for judgment for the use and benefit of the minor in .the sum of $100.

■ Act No. 21 of 1932, Section 9, Subsection 7, provides that all vehicles not heretofore required by the act to be equipped with specified lighted lamps, shall carry one or more lighted lamps, or lanterns, displaying a red light visible under ordinary atmospheric conditions a distance of not less than 500 ·feet to the rear of the

vehicle. The flash light used by plaintiff. did not meet the requirements of the law. It did not display a red light and it is not shown that the light was visible for 500· feet to the rear. It was therefore negligence per se for plaintiff to operate his wagon on the highway without complying with the law in regard to the display of a red light. This, however, is not sufficient to bar plaintiff from recovering in the case unless his failure to comply with the law was a proximate cause of the collision. and resulting damage.

■ ■ Defendant studiously avoids saying he was blinded by the lights of the oncoming car. He alleged in his answer:

"That as respondent approached the above mentioned location he met a car proceeding in the opposite direction on its. right side of the road; that the head lights. of which car were burning brightly; that although said lights did not blind respondent, they did reduce considerably his ability to observe objects which might be in the road ahead of him, as is always the case in meeting car lights at night; that respondent reduced the speed of his car to approximately twenty or twenty-five miles. per hour and proceeded on up the road, the highway apparently being clear ahead of him.

"That immediately after passing said car he observed petitioners' wagon loaded with hay directly in his path, either standing still or moving slowly along the highway, being headed in the same direction. respondent was proceeding; that respondent as quickly as possible applied his brakes. and swerved his car to the left as rapidly as possible in order to avoid striking said wagon; that he succeeded in reducing the speed of his car to five or ten miles per hour and pulled almost far enough to the left to miss said wagon, but that despite of said precautions, the right front part of respondent's car struck the left rear corner of petitioners' wagon."

He testified that the driver of the oncoming car did not dim his lights and that. the bright lights blinded him to such an. extent that he lowered the sun viser on his. car and reduced his speed from thirty-five to forty miles per hour to twenty-five to thirty miles per hour, and that although he was keeping a constant lookout ahead,. he did not see the wagon of plaintiffs until. after the oncoming car had passed. He then did all within his power to stop his.

car, but did not have sufficient time. That when his car collided with the wagon it was traveling about five miles per hour and was stopped almost immediately after the impact. There are two witnesses, one of whom defendant in his brief states is a reputable citizen, testified they appeared on the scene a few minutes after the accident occurred and that defendant stated to them, or in their presence, that the lights of the oncoming car had blinded him and for that reason he did not see the wagon until too late to avoid the collision. The defendant testified that he did not remember making this statement and that he was excited at the time. We are convinced that defendant did make the statement attributed to him and that the statement was correct; that he was blinded by the lights of the oncoming car.

The jurisprudence of this State is well settled that when the driver of an automobile is blinded by the lights of another car or by dust, smoke, etc., that it is his duty to reduce the speed of his car to where he can bring it to a stop immediately if faced with an emergency and it is his duty to bring his car to a complete stop if necessary. If he fails to do so, and collides with another object, he is guilty of negligence which is actionable.

Since the defendant was blinded, the fact that plaintiffs' wagon was not properly equipped with lights required by law passes out of the case as a sound defense. It could not have been a proximate cause of the collision, for the reason that when one is blinded by the lights of another car he cannot see either objects or lights and if plaintiffs' wagon had been equipped with lights as specified by law, the accident would have happened just the same. We, therefore, conclude that the lower court was correct in sustaining the plea of contributory negligence.

■ Plaintiffs' minor daughter was seven years of age at the time of the accident. She received no bruises or other physical injuries of any kind. It is claimed for her that she was severely shocked and made highly nervous. The evidence on this question is very meager, and we are unable to find the lower court was in error in rejecting the demands as to her. It is certain her injuries were not serious as only $100 was prayed for on her behalf.

■ Clyde Harper was thrown to the pavement and severely bruised about the hip. He was confined to his bed and forced to use crutches for a period of six weeks. He was prevented by his injuries from gathering his cotton crop and was forced to hire the picking of seven or eight bales of cotton. His suffering was rather severe for several weeks. The injury, however, was not permanent. The lower court awarded him the sum of $500, which we are of the opinion does justice between him and the defendant.

■ Mrs. Clyde Harper was thrown from the wagon to the pavement and received injuries to her stomach, kidneys and breast. She was practically unconscious for a few hours, at the least highly hysterical, and was confined to her bed for two weeks. For several days after the accident she was unable to retain anything in her stomach and spit up some blood. She was given hypodermics of morphine on several occasions to relieve her pain. She was able to resume her household duties in about one month, although she complained of pain. The two doctors who testified in the case were the ones who treated her. Each of them saw her twice. They were not of the opinion that her injuries were permanent and thought that the pain in the kidneys was due to soreness in that region and not to any specific injury of the kidneys, and that the fall that she received could not cause any permanent kidney injury. The lower court awarded her damages in the sum of $250. We are of the opinion that the amount of the award does justice between all parties to this suit.

Plaintiff complains that the lower court failed to award any damage for injuries to one horse, which was pulling the wagon, and to the wagon, which it was necessary to have repaired. The evidence as to these two items is very unsatisfactory and is not sufficient to base a judgment on. The lower court correctly disallowed damages for these items.

We find no error in the judgment of the lower court, and it is affirmed, with costs.