## NEW AMSTERDAM CASUALTY CO. v. LEDOUX et al.

### No. 11756.

Circuit Court of Appeals, Fifth Circuit.

Feb. 26, 1947.

James C. Henriques, of New Orleans, La., and A. V. Pavy, of Opelousas, La., for appellant.

Edward Dubuisson, of Opelousas, La., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The action arose out of an automobile accident in which Leopold Ledoux, the fifteen year old son of Claude Ledoux and Mrs. Rhea Young Ledoux, was killed and Claude Ledoux was injured. Judgment was entered on a jury verdict awarding damages for the wrongful death of the son and for injuries sustained by Claude Ledoux. The appellant insurance carrier contends that the trial court erred in refusing to grant its motion for a directed verdict.

The record evidence discloses that the accident happened on the evening of October 25, 1944, just after dark. Claude Ledoux was driving his automobile along the blacktop highway approaching Eunice, Louisiana. His wife and three other passengers were in the automobile, and Leopold Ledoux was riding on the left running board and D. L. Taylor was riding on the other running board. Ledoux was driving at a speed of from fifteen to twenty miles per hour. The lights on the automobile were burning, and the vehicle was in good operating condition. As Ledoux neared the corporate limits of the town, two vehicles approached him from the opposite direction and on their proper side of the road. Both vehicles had bright lights. Ledoux's car and the first car passed without difficulty, but as Ledoux met the second vehicle, a truck, he suddenly saw something parked on the road in the path in front of him. He quickly turned his car to the left in an effort to go around the object, but in avoiding collision with the parked object his automobile ran against the side of the passing truck and his son was killed and he was injured. The object Ledoux had seen in the road immediately before him was an ambulance belonging to the appellant's assured.

The driver of the ambulance had parked in front of his mother's house while he went to eat supper. Although there was a driveway at the house where he could have parked, he left the vehicle on the east side of the highway facing south and partially on the improved surface of the highway and in the lane of oncoming traffic. The ambulance was parked with its two right wheels on the surfaced portion of the highway and the two left wheels on the shoulder of the road. Cecellius Hundley, driver of the truck with which Ledoux collided, testified that when his truck passed the parked ambulance there "wasn't walking room" between them.

From the evidence the jury was warranted in finding that appellant's assured had negligently parked the ambulance, in the night time with only two small parking lights showing, on its left side of the road and partially on the surfaced portion of the highway in the path of automobiles traveling toward the town of Eunice. Moreover, the parking of the ambulance on the highway under these circumstances was a violation of Louisiana law. The Louisiana Highway Regulatory Act, Act No. 286 of the Legislature of Louisiana of 1938, Section 3, Rule 15, provides that "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle * * * upon any highway unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left free passage of other vehicles thereon * * *."

Appellants contend, however, that Ledoux was guilty of negligence that prox-

imately caused the accident in that he failed to stop his vehicle when he met oncoming vehicles with bright lights that impaired his view of the road ahead, and that he should have seen the ambulance parked in the road ahead of him in time to have stopped and avoided the accident. Reliance is placed upon the general rule prevailing in Louisiana that "when the driver of an automobile is blinded by the lights of another car or by dust, smoke, etc., that it is his duty to reduce the speed of his car to where he can bring it to a stop immediately if faced with an emergency and it is his duty to bring his car to a complete stop if necessary." Harper v. Holmes, La. App., 189 So. 463, 465. The driver of an automobile on the public highways at night "must keep his car under such control as to be able to bring it to a complete stop within the distance which his headlights project in front of him." Goodwin v. Theroit, La.App., 165 So. 342, 344. The Louisiana courts have made it clear in many cases that the general rule is not a hard and fast one which will operate to preclude recovery in every case in which a motorist fails to stop and collides with an object on the highway. In each case the particular facts and circumstances must be considered and, "in the final analysis, the facts of each case will determine the question of negligence." Herring v. Holicer Gas Co., La.App., 22 So.2d 868, 871, and cases cited.

Under all the facts and circumstances of the case at bar it cannot be held that as a matter of law Ledoux was guilty of negligence or contributory negligence such as would bar recovery. Indeed, the evidence is sufficient to support a finding that he was driving along the highway in a careful manner and that he acted as a reasonably prudent driver would have acted in the emergency confronting him when he saw the ambulance blocking his way.

There is no merit in the contention that there could be no recovery for the death of the son because he was riding on the running board of the automobile. The Louisiana Highway Regulatory Act, Section 3, Rule 22, provides that "no per-

son shall be allowed to ride on running boards * * *," but the Louisiana courts have held that although it is negligence to ride on the running board of an automobile in violation of a prohibitory statute, that circumstance alone is not sufficient to establish contributory negligence on the part of the offender so as to preclude recovery. Robinson v. Miller, La.App., 177 So. 440; Keowen v. Amite Sand & Gravel Co., La. App., 4 So.2d 79.

The charge of the trial court was full and fair, and on the facts and circumstances disclosed by the evidence he properly overruled the motion for a directed verdict and submitted the issues of negligence and contributory negligence to the jury. The evidence supports the verdict and judgment, and no reversible error appearing, the judgment is affirmed.