**CAR & GENERAL INS. CORPORATION, LIMITED, UNITED STATES BRANCH, v. THIBAUT et al.**

**No. 11880.**

Circuit Court of Appeals, Fifth Circuit.

May 23, 1947.

Rehearing Denied June 25, 1947.

William A. Porteous, Jr., of New Orleans, La., for appellant.

Calvin E. Hardin, Jr., and Kermit B. Guidroz, both of Baton Rouge, La., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from a judgment entered on a jury verdict awarding damages to the widow and minor children of Joseph L. Thibaut who was killed when his automobile ran into the rear end of a disabled truck and trailer belonging to appellant's assured.

On February 4, 1945, about nine o'clock at night, the loaded truck and trailer unit of appellant's assured was traveling along U. S. Highway No. 11 toward Baton Rouge, Louisiana. One of the trailer's dual right rear wheels came off, the other right rear tire blew out, and the unit became disabled and immovable in the highway on its proper side of the road. The driver of the truck placed burning flares in the highway forward and aft of the disabled unit and sent for help. The evidence is in conflict as to the distance of the flares from the truck and trailer, but it is clear that a burning flare was placed in front of the truck and at least one burning flare was placed in the road to the rear of the trailer. At the place where the truck and trailer broke down, the road was level and straight for several hundred feet in both directions.

About eleven o'clock that night, Joseph L. Thibaut left the Cedar Grove Night Club [1] with a companion and started driv-

---

[1] Witnesses who saw Thibaut at the Cedar Grove Night Club shortly before the accident testified that he appeared to have been drinking.

ing his Packard automobile along U. S. Highway No. 11 in the same direction in which the truck and trailer had been traveling. When Thibaut was seen again, his automobile had crashed into the rear end of the disabled trailer with such force that the automobile was practically demolished and both Thibaut and his companion were killed. There were no eye witnesses to the collision.

 In Louisiana, one who runs his automobile into a standing object on the highway is hard pressed, in the absence of exceptional circumstances, to make a case for damages against the person leaving the object in the highway. It is the rule that drivers of automobiles must keep their vehicles under such control as to be able to bring them to a complete stop within the range of their vision, and, at night, within the distance in which their headlights project. Goodwin v. Theriot, La.App., 165 So. 342; Harper v. Holmes, La.App., 189 So. 463. Headlights on a level road should under normal conditions project a driving light sufficient to render clearly discernible "a person two hundred (200) feet ahead." Sec. 9(g) 1, 12, La. Act No. 286 of 1938. Moreover, it is the duty of a driver to keep a lookout, and " 'he will be presumed in case of accident to have seen what he should have seen in the performance of his duties.' " Kelly v. Schmidt, 142 La. 91, 76 So. 250, 251.

These are not hard and fast rules which will operate to defeat recovery in every case in which a motorist collides with a stationary object in the highway. Exceptional facts and circumstances may make a case for recovery of damages. For example, in New Amsterdam Casualty Co. v. Ledoux, 5 Cir., 159 F.2d 905, and Car & General Ins. Corporation v. Cheshire, et al., 5 Cir., 159 F.2d 985, 987, (cases relied upon by appellees), this court had occasion to pass upon accidents involving such exceptional facts and circumstances. In the Ledoux case, the defendant's ambulance was unlawfully parked on the wrong side of the road and partially on the surfaced portion of the highway in the path of oncoming automobiles, with only two small parking lights showing, and Ledoux was driving along the highway at a slow rate of speed in a careful manner. In the Cheshire case, the defendant's tank-trailer had jack-knifed across the road, creating a deceptive obstruction in the highway at a point less than two hundred feet from the top of an incline, and no flares had been placed in the highway. We pointed out: "The tractor being on its proper side of the road with its lights shining deceived approaching drivers who did not, and could not, observe the unlighted trailer until they were almost upon it. Leaving this large and deceptive obstruction on the highway was, to say the least, the grossest kind of negligence and a violation of the highway laws of Louisiana."

The case at bar is in no wise similar to the Ledoux and Cheshire cases. Here, the defendant's truck and trailer was disabled on a level stretch on the highway. It came to rest on its proper side of the road. Burning flares were placed in the highway. It did not create a deceptive obstruction, for persons driving along the highway could see it if they looked.

 Since there were no eye witness who saw the collision, the physical facts must be looked to in order to determine what happened. These facts clearly demonstrate that Thibaut left the night club and traveled down the highway at a high rate of speed; and that he either did not keep a proper lookout and did not see what he should have seen in the highway before him, or that he did not have his car under such control as to be able to stop within the range of his vision.[2] From the evidence of the plaintiffs and the defendant and the physical facts,[3] the conclusion

---

[2] Plaintiffs attempted to show that there were light pockets of fog and mist along the highway about the time of the accident. If such pockets of fog and mist did exist, it was the duty of Thibaut to drive his automobile along the highway with the utmost care and caution, which he did not do. Hogue v. Akin Truck Line, La.App., 16 So.2d 366; Shell Oil Co. v. Slade, 5 Cir., 133 F.2d 518, 519.

[3] Photographs of the scene and of the trailer and automobile show that the automobile struck the trailer with terrific impact and practically head-on.

is inescapable that Thibaut was the author of his own misfortune. The plaintiffs failed to establish a case warranting recovery. Cf. Goodwin v. Theriot, La.App., 165 So. 342; Rector v. Allied Truck Lines, La. App., 198 So. 516; Mickens v. F. Strauss, La.App., 28 So.2d 84; Thompson v. City of Houma, 5 Cir., 76 F.2d 793; C. C. Moore Const. Co. v. Hayes, 5 Cir., 119 F. 2d 742.

The verdict of the jury is not supported by the evidence in this record. The judgment is reversed and the cause is remanded with directions that judgment be entered for the defendant unless on a pretrial hearing the plaintiff can show that other evidence is available which might reasonably change the result, in which event a new trial may be granted.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

It is ordered that the petition for rehearing in the above numbered and entitled cause be, and the same is hereby, denied.