TALIAFERRO, Judge.
Plaintiff suffered physical injuries and his car was badly damaged from a collision between it and a truck owned by the defendant on the Greenwood Road in the western part of the City of Shreveport, Louisiana, at the hour of 4:30 A.M., September 27, 1946. This street, in a general way, runs easterly and westerly.
Plaintiff was driving his own car and was going westerly. The truck was attached to a large trailer and was stationary at the time of the collision. The truck’s driver, defendant’s agent, had backed the trailer from the street northerly very close to the south wall of an A. & P. store, and was then delivering therefrom to that store some merchandise. The trailer is twenty feet long and extended from the sidewalk, adjacent to the store, southerly across a paved area to about the north side of the street proper. If the truck had remained in front of the trailer it would have preempted all or nearly all of the north one-half of the street, or twenty-five feet. But this was not done. The driver cut the truck to its left and faced it easterly at right angles to the trailer. It was, therefore, on plaintiff’s side of the street when the collision occurred. Plaintiff’s car ran almost squarely into its front end.
This suit was instituted by plaintiff against the defendant, a' commercial co-partnership, and its component members, all residents of the State of Texas, to recover damages and loss sustained by him in consequence of the accident. He avers that at the time thereof it was raining heavily, his car was on its proper side of the street, going at at a speed well below that authorized by ordinance of the City of Shreveport; that the headlights of his car were burning brightly, and when about the middle of the 2700 block there suddenly loomed in front of him said truck, which, he says, completely blocked the north (his right) side of the street and was without burning lights of any kind; that on account of the darkness of the night, the heavy rain that was falling, and the lights of automobiles coming easterly on the street, visibility at said time and place was quite poor; that when he had passed the lights of the oncoming cars he was then immediately upon said truck, too close to avoid running into it although he endeavored to do so by appli *405 cation of the brakes and pulling his car to its left.
He further alleges that the collision occurred solely from the negligence of defendant’s agents in charge of the truck in the following particulars, to-wit:
Parking the truck crosswise the street so as to block all traffic on the north side thereof; having no burning lights thereon at time of the collision and not placing flares on the street as required by law.
Defendant denies any negligence on the part of its agents as the cause or a contributing cause of the collision, and denies specifically all other allegations of the petition designed to serve as the básis for recovery herein. In the alternative, the contributory negligence of plaintiff in several respects is specially pleaded in bar of recovery by him, among which are the following :
1. Failing to maintain a proper and adequate lookout ahead;
2. Failing to operate his car under proper and careful control, so as to be able to stop or turn it aside in the event of sudden ■necessity therefor, 'within the distance illumined by his headlights;
3. Driving his car while under the influence of intoxicating liquor which caused his reactions to be slow, his thinking and powers of observation to be foggy.
Defendant, assuming the position of plaintiff in reconvention, sued plaintiff for the amount expended by it to repair the injuries done to the truck in the accident and for loss of its use while being repaired.
The court rejected plaintiff's demand and rendered judgment against him on the re-conventional demand, except for remuneration sought for the loss of use of the truck. Plaintiff appealed.
Defendant has not answered the appeal and evidently is satisfied with the judgment.
We are convinced that the headlights of the truck and other lights on it, and the trailer, were burning brightly when the collision occurred. The testimony is not conclusive as to how far the truck extended out into the street at the time it was rammed by plaintiff’s car. The force of the impact drove the truck two or three feet farther into the street than it was before being rammed.. At all events, we are certain'there was ample room for cars going westerly to pass the truck and still be on the north half of the street; in fact, some cars had done this immediately prior to the accident.
Rain was falling when the collision occurred and b«came heavier thereafter. The situs of the accident and the area surrounding it, for considerable distance, were well lighted at the time.
Plaintiff testified that he was not driving more than thirty-five miles per hour. Other testimony in the case appears to confirm what he says on the" subject. He and his young' woman companion both testified that neither was under the influence of liquor, although each admitted that since the hour of 12:30 A.M., they had imbibed of strong liquor to the extent of four drinks each. They had been to two night clubs, six miles apart, and were returning to the first one they had patronized that morning, when the accident occurred.
We feel warranted in agreeing with defendant’s .charge that, at least, plaintiff’s thinking and powers of observation were foggy.
Plaintiff’s own testimony is all that need be considered to hold that the accident was attributable _to his gross negligence. He says he could not see the truck on account of the rain. He did not testify that his vision to any extent was affected by the lights of cars going easterly, as by him alleged. He and his companion testified that they did not see the truck or trailer until when very close to them. This is doubtless true, and for a reason the record does not clearly reveal. It was his duty to have seen the lights and if he had seen them he would have known that they were affixed to some vehicle in his lane of travel. Plaintiff testified unequivocably that he did not see the truck until his car was within ten or fifteen feet of it. He also admitted he could not stop his car within either distance when making a speed of thirty-five miles per hour. He admits he was going at this speed.
Regardless of the reason for plaintiff not seeing the truck in time to have *406 averted the collision, whether from the rain, oncoming lights, inattention, foggy mentality or for any other reason, he must be held responsible for its consequences. Really there existed no valid excuse or reason for him not seeing the truck’s bright headlights in sufficient time to go around it to his left. He says the headlights on his own car were fuctioning normally. Evidently, they would have revealed to him the presence of the truck had he been on the alert and surely conditions then prevailing made it imperative that he be on the alert. However, even without his own lights, the truck’s position was clearly disclosed by its own lights and the street lights that illuminated the locus. The absence of flares is unimportant, since plaintiff did not see the truck’s headlights, surely he would not have seen a flare had there been one in front of the truck.
The principle of law that holds responsible for the results of a collision the motorist who drives into a parked car or other stationary object on a highway or street, is so well established in this state it would appear superfluous to cite cases wherein it has been applied, but we do so.
The question above referred to was treated at length and maturely considered by this court in the case of Hogue v. Akin Truck Line et al., reported in 16 So.2d 366, 368. Many cases enforcing the principle are therein cited, and those cases constituting exceptions to the rule are also cited and discussed. The facts of the present case clearly remove it from the realm covered by the exceptions. In the Akin case, in consonance with a long line of decisions of this and other appellate courts, and of the Supreme Court of this state, we said:
“It has been repeatedly held that when visibility is materially impaired because of smoke, mist, dust, etc., a motorist should reduce his rate of speed to such extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision; and as an extreme measure of safety, it is his duty, when visibility ahead is not possible or greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. Locke v. Shreveport Laundries, Inc., supra [18 La.App. 169, 137 So. 645].
“Because the night was dark does not excuse plaintiff for running into the truck; and we do not think that because visibility was poor on account of the named atmospheric conditions, he should be absolved from fault as a cause of the accident. The function of bright lights on an automobile is to illumine the surface of the highway ahead so that the presence of dangers to traffic may be revealed in time to avert an accident. It is the driver’s duty at all times, especially under conditions as alleged by plaintiff, to be on the alert; to steadily watch road conditions ahead of him, as they are revealed foot by foot, and to keep his car under such control and maintain such speed as is commensurate with conditions and circumstances. The greater the known hazards the greater should be the degree of care exercised.”
This enunciation of the law applicable to the facts of the Akin case fits the present case perfectly, and, of course, is decisive of it.
Defendant is entitled to recover on its reconventional demand even though it be conceded, arguendo, that parking the truck at the time and place and in the manner as was done, amounted to negligence because it is obvious plaintiff had the last clear chance to avert the collision. The fact that he failed to see this large immobilized truck until too close to avoid running into it does not excuse him. By the exercise of ordinary care and attention, its presence would have been discovered by him in ample time to avoid colliding with it,, and this is sufficient to render applicable the doctrine of the last clear chance.
A motorist is held to have timely seen that which it was possible, by the exercise of that degree of care and attention conditions about them demanded, he could have seen. Plaintiff’s car lights were seen by others then near the store and truck, several seconds before the collision.
It is argued that plaintiff was suddenly confronted with an emergency and that if he erroneously acted he should be excused from the harmful injuries that. *407 followed. The rule invoked finds no application here because the emergency was born of plaintiff’s lack of care. It was of his own creation.
Therefore, for the reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., absent.