## UNITED STATES FIDELITY & GUARANTY CO. v. McCULLOUGH.

### No. 14200.

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1953.

Rehearing Denied May 7, 1953..

Grove Stafford, Alexandria, La., S. W. Plauché, Jr., Lake Charles, La., Plauché & Plauché, Lake Charles, La., Stafford & Pitts, Alexandria, La., for defendant-appellant.

Julius T. Long, Shreveport, La., Joseph E. Bass, Jr., Lake Charles, La., T. C. McLure, Jr., Alexandria, La., Bass & Brame, Lake Charles, La., for plaintiff-appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for the appellee in an action for damages for personal injuries, received by him when his automobile collided with a stationary or slowly moving train at a railroad crossing in Louisiana on February 9, 1951, about seven o'clock p. m. The train was owned by the Calcasieu Paper Company, which was insured by the appellant. At the close of the plaintiff's evidence in the court below, the defendant moved for an instructed verdict, which was overruled by the court. The defendant introduced no evidence and, after closing its case, again moved for an instructed verdict. The court reserved its ruling on the motion, under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and allowed the case to go to the jury, which returned a verdict for the plaintiff. Whereupon, the motion for an instructed verdict was overruled; a motion for judgment notwithstanding the verdict also overruled; and judgment for the plaintiff entered upon the verdict.

The plant of the Calcasieu Company is located near Elizabeth, Louisiana. Smoke from its chimneys sometimes settled in low areas around the plant site and, in combination with natural atmospheric elements, caused a foggy condition. In connection with its production, the company owned some industrial railroad tracks, which intersected said highway, over which it operated the steam engine and eight cars that blocked the highway at the time of the accident, which was approximately a quarter of a mile from the plant.

The plaintiff alleged that the sole proximate cause of the injury was the negligence of the paper company in blocking the highway without sounding any signal or erecting any warning device, and that smoke from the train and the plant combined to create the condition that existed when the accident occurred. The defendant alleged that the lights of the engine were shining;

that proper signals of the presence of the train were given; that warning signs were at the crossing; and that the paper company was not negligent in any respect. The appellee, who was the sole occupant of his automobile, was driving at about thirty miles an hour when gradually he entered into a series of fog and smoke drifts, which had begun to settle along the highway. After passing over an incline, he encountered a thicker and more severe atmospheric condition, which seriously impaired his vision although his headlights were burning and in good condition. When he was fifty feet from the crossing, he suddenly saw the train, which blocked the highway; but, being unable to stop within that distance, he drove his automobile into the side of the train. During the year, appellee had traveled over the road on two other occasions, but had never seen a train at the crossing. There was no other eye-witness to the accident, and a substantial part of the case was built around the appellee's own account of the occurrence.

Under the law of Louisiana, contributory negligence is a complete bar to recovery of damages for personal injuries. Allen v. Texas & Pacific Ry. Co., 5 Cir., 195 F.2d 545. The burden of proving contributory negligence is on the defendant; but a plaintiff, in presenting his case, may prove that his own negligence was the proximate cause of the injury. This, we think, is such a case; the company's negligence, if any, was remote. A motorist is charged with having seen an obstruction in the highway which, by the use of ordinary care and prudence, he should have seen in sufficient time to avoid hitting it. At night he must drive at a speed that will enable him to stop within the distance to which his headlights project. A train across the highway constitutes a most impressive notice to motorists that the highway is temporarily blocked. Car & General Insurance Corporation v. Cheshire, 5 Cir., 159 F.2d 985, 987;

New Amsterdam Casualty Company v. Ledoux, 5 Cir., 159 F.2d 905; Car & General Insurance Corporation v. Thibaut, 5 Cir., 161 F.2d 657, certiorari denied 332 U.S. 828, 68 S.Ct. 205, 92 L.Ed. 403; Allen v. Texas & Pacific Ry. Co., 5 Cir., 195 F.2d 545, 547; Piland v. Maryland Casualty Company, D.C., 85 F.Supp. 31, 33; Penton v. Fisher, La.App., 155 So. 35; Goodwin v. Theriot, La.App., 165 So. 342; Gates v. Ark. & L. M. Ry. Co., La.App. 180 So. 835, 837.

Appellee's predicament was not of such emergent character as to excuse his failure to see the train, since his own testimony clearly reveals that he gradually entered the foggy condition prevailing along the highway, and was not suddenly or precipitously confronted with an unforeseeable danger; if he was not required to stop completely, he was bound to drive at a speed that would permit him to stop within the range of his vision. Hogue v. Akin Truck Line, La. App., 16 So.2d 366, 368. Appellee should have foreseen the probability of the peril that lay ahead of him. Shell Oil Company v. Slade, 5 Cir., 133 F.2d 518, 519; Hogue v. Akin Truck Line, supra. It is immaterial that appellee was driving at what would have been a moderate rate of speed in ordinary circumstances; his failure to see the train in time to stop his automobile indicated that he was driving too fast or was not keeping a proper lookout; otherwise, he would have seen the obstruction in his path in ample time to stop.[1]

After examining all of the evidence, and allowing appellee the benefit of every fair and reasonable inference that the evidence warrants, we are of the opinion that, as a matter of law, the sole proximate cause of the collision was appellee's lack of reasonable care and prudence. F. Strauss & Son, Inc. v. Childers, La.App., 147 So. 536, 538; O'Rourke v. McConaughey, La. App., 157 So. 598, 606; Lapeze v. O'Keefe, La.App., 158 So. 36; Metropolitan Cas. Ins.

---

1. See Raziano v. Trauth, 15 La.App. 650, 131 So. 212, 213, in which the court said: "But, assuming that the light and fog did affect his view, * * *. The fact that he did not see the truck until so close upon it cannot excuse him, for he must be held to have seen what he should have seen, or what a man of ordinary eyesight could have seen, *and, if the fog affeected his vision, he should not have maintained a speed of 20 miles an hour*". (Emphasis added.)

Co. v. Bowden, La.App., 164 So. 464; Harper v. Holmes, La.App., 189 So. 463; Rector v. Allied Van Lines, La.App., 198 So. 516; Bernstein v. Cathey & Carrell Truck Lines, La.App., 32 So.2d 403; Guidry v. Texas & N. O. R. Co., La.App., 56 So.2d 611; Dixie Highway Express v. C. C. Galbraith & Son, La.App., 61 So.2d 218, 220.

The judgment is reversed, and the cause remanded with directions to enter judgment for the defendant.

Reversed and Remanded.