LOTTINGER, Judge.
Defendants herein have appealed from judgment in favor of Peggy Corkern, an emanicipated minor, in the sum of $8,311.-41, for personal injuries, medical expenses, and loss of earnings caused by a fall on a broken section of sidewalk in Morgan City, Louisiana.
The defendants-appellants are: The Town of Morgan City; W. D. Owens, the principal contractor in construction of a natural gas transmission line, and also Owens’ liability insurer, Travelers Insurance Company; the Smith-Sweger partnership, a sub-contractor performing the particular portion of the contract during which the accident resulted, and. its liability insurer, the Bituminous Casualty Corporation. By appropriate calls in warranty, it is established that as between the parties defendant, by indemnity contracts, the Smith-Sweger partnership (and its liability insurer, Bituminous Casualty Corporation, within the limits of its policy, which are in excess of the amount recovered) are responsible for any damages for which any of the defendants are held liable arising out of the accident in question.
Plaintiff’s cause of action is contained in Articles 8 and 9 of her petition. In these articles, she charges Smith-Sweger Construction Company with negligence in the following particulars:
“8.
“That in the performance of the said work that of laying the pipes and dig *886 ging the trenches for the same, the defendants cut through the sidewalk pavement, the defendants were grossly negligent, careless and performed the same with total disregard to the safety of the public, and entirely without the required and necessary skill and particularly in the following to-wit:
“That in cutting through the pavement on Railroad Avenue, the defendants left a number of large pieces of pavement scattered about; that they arranged a pathway from the street to the pavement or sidewalk and over the trench which had been dug; that the loose pieces of pavement or cement pieces were covered with sand, and were not firmly set or anchored, and that the covering the same with sand created a trap and prevented petitioner from seeing the fact that the pieces of pavement were loose, and misled yovtr petitioner into believing that a safe path had been constructed for the passage from the street to the sidewalk and over the trench.
“9.
“That on or about the 2nd day of December, 1949, at about 5:30 in the afternoon, the conditions heretofore alleged prevailing at the spot, petitioner alighted from her car on Railroad Avenue, in said city, in front of Shepard Appliance Shop for the purpose of delivering a small radio to be, repaired, and while passing over the path here-inbefore described and being lulled into the belief and that said path was safe and firmed, stepped upon the same whereupon a piece of the pavement, which was loose and which had been covered by the sand gave way and turned, throwing your petitioner to the ground and sidewalk and breaking her right ankle.” (Italics ours.)
The District Court ably summarized the applicable law concerning liability herein as follows:
“In the case of Burke v. Werlein, 143 La. 788 [79 So. 405, 406], the Court said:
“ ‘The authorities are practically unanimous to the effect that an excavation in a public sidewalk is intrinsically dangerous, and is a nuisance; that one who causes it to be made, equally with the one who makes it, owes the absolute duty to protect the public from injury that may result therefrom; and that the one who causes it to be made cannot escape liability for such injury by showing that the one who has made it was engaged so to do as an independent contracto^.’
“It is true that a municipality is not called upon to maintain their sidewalks in a perfect and foolproof condition, nor is it an insurer to the safety of pedestrians. But it is equally true that a municipality is required to maintain and keep its sidewalks in a reasonably safe condition, and that defects, if any, which might serve as a basis for liability, must be in some nature dangerous or calculated to cause injury. It is equally true, that defects or a prevailing condition in a sidewalk, which by their very nature, constitute a trap for persons using ordinary care and from which danger cannot be anticipated, would under such circumstances constitute actionable negligence. Elias v. [Mayor etc. of] City of New Iberia, 137 La. 691 [69 So. 141]; Quayle v. Sewerage and Water Board, 131 La. 26 [58 So. 1021]; General Securities Company v. [City of] Hammond, 11 La.App. 306 [123 So. 399]; Holbrook v. [City of] Monroe [La.App.], 157 So. 566; Smith v. City of Baton Rouge, 166 La. 472, 117 So. 559; Lemoine v. City of Alexandria, 151 La. 562 [92 So. 58]; Hebert v. City of New Orleans [La.App.], 163 So. 425; Cato v. City of New Orleans [La.App.], 4 So.2d 450; Rodriguez v. City of Sulphur [La.App.], 28 So.2d 771; White v. City of Alexandria, 216 La. 308, 43 So.2d 618.”
*887 The substantial issues to be resolved are: (1) When, as alleged and as the evidence reflects, the Smith-Sweger Construction Company dug its trench in the concrete sidewalk on Railroad Avenue, Morgan City, Louisiana, hut left a pathway composed of broken pieces of concrete and dirt through this trench to a radio repair shop (Shepard’s) was it negligent — that is, did it create a dangerous condition in the sidewalk in the nature of a trap from which danger could not be anticipated by persons using ordinary care? (2) If so, was plaintiff Peggy Corkern guilty of contributory negligence barring recovery?
It is shown that at about 5 :15 P.M., December 2, 1949, when it was still daylight, the plaintiff brought a table radio to Shepard’s store for repairs. The radio weighed about 25 pounds, was about 16 inches high, 12 inches wide, and 8 or 10 inches deep. On reaching the Shepard’s store, Miss Corkern parked her car, alighted and proceeded to carry the radio in her arms to the shop. She saw some acquaintances on the sidewalk across the trench and smiled at them while crossing or proceeding to cross the pathway which had been left for use of customers of Shepard’s store. (The only other route to the store was to go to the end of the block and proceed back to the store on the inside sidewalk path separated from the street by the trench.) As Miss Corkern proceeded to walk across the pathway, she stepped on one of the loose broken pieces of cement. It turned, not being embedded or anchored, causing her to wrench and twist her ankle, throwing her prostrate on the ground, and resulting in severe, painful compound fractures of the right ankle.
Despite the allegations of the petition that the loose broken pieces of concrete were covered by dirt or sand, only the testimony of Miss Corkern, her uncle, and one other witness saw sand and dirt on top of what is conceded to be loose pieces of concrete. Plaintiff’s witnesses Kenneth Carter, Bernice Keller (her aunt), Nolan Chasson, Herman Chasson, and Norman Knudsen, as well as defendant’s witnesses, testified unequivocably that the pieces of concrete composing the path were visible and uncovered by any sand. These pieces of concrete were about 12 inches in length or diameter and from 4 to 6 inches thick.
The able District Court found that these pieces of concrete, situated like stepping stones, constituted a trap; and that by forming a path, the third parties using same were entitled to believe that the pathway was safe.
We greatly respect the opinion of the trial court, but in view of the fact that the overwhelming preponderance of the evidence indicates that these loose concrete pieces were visible by ordinary prudent observation, we must respectfully disagree with his conclusion that such pathway constituted a trap; or at least that the plaintiff was not contributorily negligent in failing to observe the dangerous condition of this pathway, but nevertheless proceeding across it carrying an awkward table radio, which obscured her vision below.
As the plaintiff, Miss Corkern, herself testified under cross-examination (Tr. 79-80):
“Q. Your story is that you could not see any pieces of concrete on top of the dirt? A. None that I could see on top of the dirt, because if I had seen concrete broken up, I would have gone around.”
We therefore feel that recovery to plaintiff must be denied.
For the above and foregoing reasons, the judgment of the trial court herein is reversed, and judgment herein is rendered dismissing plaintiff’s demands. All costs of these proceedings and of this appeal are to be paid by plaintiff-appellee.