**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant,**

v.

**A. B. FERGUSON, and Maryland Casualty Company, Intervenor, Appellees.**

**No. 18419.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1961.

Rehearing Denied Feb. 18, 1961.

John L. Pitts, Stafford & Pitts, Alexandria, La., for appellant.

Jack Rogers, William R. Tete, Rogers & McHale, Lake Charles, La., for appellees.

Before TUTTLE, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

In this personal injury suit the appellant, against which judgment was rendered on a jury verdict, contends that the plaintiff's admitted conduct amounted to negligence as a matter of law and that such contributory negligence barred recovery. We disagree.

The plaintiff poured gasoline, which he took from a tank of defendant's assured which was marked "diesel," into a bucket and ignited it. An explosive fire followed, of course. After the fire had been put out with no injury to plaintiff, the plaintiff then poured some more of the gasoline into the same bucket. It ignited and exploded either from the heat already transferred to the bucket or because smoldering particles were left in the bucket. This explosion injured the plaintiff. Even though it was possible that Ferguson would again proceed to light the gasoline, which would, of course, be gross negligence in light of what had just occurred, this is not what caused the injury. There is nothing in the record to indicate that Ferguson knew that the gasoline would become ignited upon being put into the bucket. There was no proof that there were any sparks or embers in the bucket or what temperature in such a container would cause an explosion from heat alone. The proven facts are not such as would warrant our concluding as a matter of law that Ferguson was negligent. Cf. Texas & Pacific Railway Co. v. Laborde, 5 Cir., 257 F.2d 587; United States F. & G. Co. v. McCullough, 5 Cir., 202 F.2d 269.

The judgment is affirmed.